**Dennis SMALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–90–00150–CR.**

Court of Appeals of Texas,
San Antonio.

March 27, 1991.

Karen A. Crouch, Law Office of Karen A. Crouch, San Antonio, for appellant.

Steven G. Hilbig, Ann Zaragosa, Barbara Hervey, Crim. Dist. Attys., San Antonio, for appellee.

Before CHAPA, BIERY and CARR, JJ.

## OPINION

CHAPA, Justice.

Appellant, Dennis Small, appeals a jury conviction for Violation of a Protective Order, Section 25.08 of the Texas Penal Code. The court assessed punishment at confinement for 180 days, probated, a $300.00 fine, and costs of court.

The dispositive issue is whether there is sufficient evidence to support the conviction. We reverse and dismiss.

In reviewing the sufficiency of the evidence, this court must determine whether, considering the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Little v. State*, 758 S.W.2d 551, 562 (Tex.Crim.App.), *cert. denied*, 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988). This is the standard of review in both direct and circumstantial evidence cases. *Butler v. State*, 769 S.W.2d 234, 238 (Tex. Crim.App.1989); *Dickey v. State*, 693 S.W.2d 386, 387 (Tex.Crim.App.1984). In applying this standard to circumstantial evidence cases, however, we consider whether the circumstances exclude every other reasonable hypothesis except that of the guilt of the accused. *Butler*, 769 S.W.2d at 238 n. 1; *Humason v. State*, 728 S.W.2d 363, 366 (Tex.Crim.App.1987); *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex.Crim.App.1983) (opinion on rehearing). If the evidence supports a reasonable inference other than finding the essential elements of the crime, then no trier of fact could rationally find the accused guilty beyond a reasonable doubt. *Carlsen*, 654 S.W.2d at 449–50; *Freeman v. State*, 654 S.W.2d 450, 456–57 (Tex.Crim.App.1983) (opinion on rehearing); *Denby v. State*, 654 S.W.2d 457, 464 (Tex. Crim.App.1983) (opinion on rehearing). Proof which amounts to only a strong suspicion or mere probability of guilt is insufficient to support a conviction. *Humason*, 728 S.W.2d at 366; *Moore v. State*, 640 S.W.2d 300, 302 (Tex.Crim.App.1982).

Appellant contends that the record reflects no evidence that he knew of the existence of the court order; therefore, appellant could not violate an order he knew nothing about. Appellant argues that since this is a necessary element of the offense, the State's failure to establish this element results in the conviction being unsupported.

The State counters, contending that there is no requirement that the State prove the appellant knew of the court order in question, instead, the State insists that it satisfies its burden by simply establishing that the appellant knowingly and intentionally came near or to the residence of the complainant on the day in question. The

State argues that the fact that the appellant did not know of the existence of the court order is, in fact, an affirmative defense, which requires that the defendant present his own evidence. Ignoring the defendant's fundamental right to remain silent, the State points out that the appellant failed to take the stand and assert this affirmative defense. We disagree with the State's position.

Both parties agree that this issue is of first impression, and that because the statute is relatively new, no precedent has been established in the case law of this State. Although our research leads us to the same conclusion, a review of *Lee v. State*, 799 S.W.2d 750 (Tex.Crim.App.1990), is instructive.

*Lee* involved the issue of whether the order therein involved was valid enough to sustain a criminal conviction under TEX. PENAL CODE ANN. § 25.08 since it did not include command language ordering the appellant to obey its provisions. *Lee*, 799 S.W.2d at 754. Distinguishing between the objectives of civil contempt proceeding and penal offenses created under § 25.08, the court nevertheless specifically noted that the defendant, in entering into an agreement made a part of the order, had "agreed to refrain from committing specific acts and was specifically informed that failure to do so could result in a contempt citation or prosecution for a criminal offense." *Id.* In so doing, the court noted that the defendant "was not only given notice of the risk of being charged with a criminal offense, he entered into the agreement which spelled out those acts he was prohibited from doing" and thus, "[t]he statutory warnings required as part of the protective order provided adequate notice to appellant of the possible criminal charges." *Id.*

However, the record before this court fails to show that the appellant ever entered into any agreement for any protective order, was ever served with a copy of the protective order, or received notice of the order, or of what the appellant was prohibited from doing, from any source, prior to the alleged violation, which, as alleged, took place when appellant went into his wife's residence.

■ The pertinent part of Section 25.08 of the Texas Penal Code reads:

(a) A person commits an offense if, in violation of an order issued, under Section 3.581, Section 71.11, or Section 71.12, Family Code, the person *knowingly or intentionally:*

. . . .

(3) goes to or near any of the following places as specifically described in the protective order:

(A) the residence or place of employment or business or a member of the family or household; . . .

TEX.PENAL CODE ANN. § 25.08 (Vernon Supp.1991) (emphasis added).

The information here reads in pertinent part:

". . . on or about the 4TH day of JUNE, A.D., 1989, DENNIS SMALL, defendant, did then and there *knowingly and intentionally violate an order* of the 288TH District Court of BEXAR County, Texas, dated the 8TH day of May, A.D., 1989, Cause Number 89–CI–05092, issued under 71.11 of the Family Code, by then and there going near and to the RESIDENCE of CASSANDRA SMALL, a member of the family and household as specifically prohibited by said order; . . . (Emphasis added.)

It is axiomatic that the State is required to prove the charge alleged in the indictment or information, beyond a reasonable doubt, in order to obtain a valid conviction. Here, the State alleged in the information that the appellant did "knowingly and intentionally violate [a specifically described court] order . . . by then and there going near and to the RESIDENCE of CASSANDRA SMALL . . . as specifically prohibited by said order." Thus, the State clearly alleged an offense which took place when the appellant went into his wife's residence. Further, the court's charge correctly tracks the allegations in the information, and instructs the jury that they can only find the appellant guilty if they find beyond a reasonable doubt specifically what is alleged

in the information. Thus, as alleged in the information and required by the court's charge, the conviction would be proper only if it was based on sufficient evidence establishing that the appellant knowingly and intentionally violated the specific order alleged when appellant went into his wife's residence.

Although the law is clear that a defendant is presumed to know statutory law, the State cannot convincingly argue that a defendant is presumed to know what every court order ever issued prohibits. The State did not satisfy its obligation, as alleged, by simply establishing that the appellant knowingly and intentionally went near and to the household prohibited by the order, with or without knowledge of the existence of the order in question. For the appellant to have *knowingly and intentionally violated the order*, it was necessary for the appellant to have been aware of the order, and since the burden is upon the State to establish its charge, the State was required to furnish this evidence.

It is also abundantly clear that the gist of § 25.08 is that the defendant "knowingly and intentionally" acted "in violation of an order issued under Section 3.581, Section 71.11, or Section 71.12, Family Code ..." TEX.PENAL CODE ANN. § 25.08 (Vernon Supp.1991). Unless a defendant is somehow aware of what he is prohibited from doing by a specific court order, he cannot be guilty of knowingly and intentionally violating that court order. We hold that this is an essential element of this offense, and the State is required to prove that the appellant "knowingly and intentionally" violated the court order in question beyond a reasonable doubt.

■ In the alternative, the State argues that even if this court were to conclude that this element was required to be proven by the State, that the evidence was nevertheless sufficient to sustain the conviction.

The State directs this court to the following evidence, as reflected by the record, in order to sustain their burden: that after the complainant/wife of the appellant admitted she had called the police on the day in question and insisted that the appellant had not violated any order, she invoked her wife/husband privilege and refused to testify thereafter; that two police officers testified that they had responded to a call to the residence of the appellant's wife; that the officers were advised that the appellant had not used violence to enter the residence, but that he had been admitted into the home by his child while his wife was asleep; that although no violence was witnessed and no evidence of violence was seen, the wife appeared very upset and had a paper in her hand which she stated was a protective order; that the complainant wanted the appellant to leave; that after reading the protective order, the police confirmed the order by radio; that no one indicated at any time that the appellant had any prior knowledge of the protective order; that when the officers approached the appellant, who was calmly eating in the kitchen, the appellant neither admitted nor denied knowledge of the existence of the protective order, but merely told the police to do whatever they had to do; and, that the appellant was arrested for violating the court order. The record is silent as to whether the appellant was given an opportunity to leave prior to the arrest. The issue is whether this is sufficient evidence to sustain the State's burden to prove the element of appellant's knowledge as alleged in this information. We hold that it is not.

The offense alleged by the State in this information took place and was complete when the appellant went near and into the residence of the complainant in violation of the court order. The only evidence presented by the State pertained to what transpired at the residence of the complainant thereafter, and clearly failed to establish that the appellant had any knowledge of the existence of the court order prior to the time he came to the home. Aside from indicating that the appellant was served with notice of the hearing on the protective order, there is no evidence in this record that the appellant agreed to a protective order, attended any hearing or in any way participated, that he was ever served with a copy of the protective order, or that he in

any way received notice, formal or informal, of the issuance or existence of the court order in question prior to his coming into the home. As a matter of fact, the indications were that the appellant and his wife were attempting a reconciliation, and the wife clearly testified that the appellant had not violated any court order. We hold that the evidence is insufficient to support this element of the offense, and, accordingly, appellant's point is sustained.

The judgment is reversed and the cause is dismissed. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1979).