TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00294-CR







Lupe Lopez, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT


NO. 6540, HONORABLE JOE CARROLL, JUDGE PRESIDING








 Appellant Lupe Lopez, Jr. was convicted by a jury of one count of burglary of a
habitation and one count of deadly conduct. See Tex. Penal Code Ann. §§ 30.02(a)(1), 22.05(a)
(West 1994). Following a punishment hearing, the court found both enhancement paragraphs in
the indictment to be true and sentenced Lopez to 60 years' imprisonment. On appeal of the
burglary conviction, Lopez presents six points of error. The first three points are based on
Lopez's claim that the State's primary witness, Patricia Probst, was also an accomplice to the
burglary; without additional corroborating evidence, Lopez argues, Probst's testimony is legally
and factually insufficient to support his conviction. In addition, Lopez contends the trial court
erred: (1) in denying his request for a jury instruction regarding accomplice witnesses; (2) in
denying his motion for mistrial claiming ineffective assistance of counsel and denial of
confrontation of witnesses; and (3) by admitting improperly certified penitentiary packets into
evidence. We will affirm Lopez's conviction.


BACKGROUND


 On November 15, 1995, Lopez appeared at the home of an acquaintance, Patricia
Probst, asking for a ride and offering her some money for gasoline. Probst testified that Lopez
was carrying a small bottle of whiskey and a Coca-Cola. Probst drove Lopez to a convenience
store where he purchased beer for himself and some snacks for Probst's two sons who were riding
in the camper of her truck. Afterward, Lopez asked Probst to drive him to the home of Ben and
Oliver Benoist. Probst testified that Lopez entered the residence without knocking, stayed inside
approximately five minutes, and then returned to her vehicle carrying a shotgun. Lopez warned
Probst that if she told the police, he would kill her and her two sons; he underscored his threat by
pointing the gun in their direction. After driving Lopez to a trailer park, Probst left quickly and
drove immediately to the Lampasas Police Department to report the incident.

 While Probst was giving Officer Daron Parker a written statement, Officer Parker
was called to a family disturbance involving Lopez, who was drinking tequila and appeared
intoxicated. A shotgun was recovered at the scene, which Probst later identified as the one she
had seen Lopez remove from the Benoist home.

 At trial, Oliver Benoist, the owner of the shotgun, testified that he had known
Lopez for a long time and had employed him in the past. Benoist told the jury that on the night
of the offense, he was contacted by law enforcement officers who asked if he owned a shotgun and
if he knew whether it was missing. He testified that he kept the shotgun loaded in the hallway by
the front door, and he was able to positively identify the shotgun taken from the location of the
family disturbance as his gun. 


DISCUSSION


Legal and Factual Sufficiency of the Evidence and Necessity for Corroboration

 Lopez's challenges to the factual and legal sufficiency of the evidence supporting
his conviction are based on his argument that Patricia Probst was an accomplice witness whose
testimony required corroboration because it was untrustworthy. The testimony of an accomplice
witness, without more, is insufficient to support a defendant's conviction. See Walker v. State,
615 S.W.2d 728, 731 (Tex. Crim. App. 1981). An accomplice witness is defined as someone who
has participated with the accused before, during, or after the commission of a crime. See Kunkle
v. State, 771 S.W.2d 435, 439 (Tex. Crim. App. 1986). If the witness cannot be prosecuted for
the offense with which the accused is charged, then as a matter of law the witness is not an
accomplice witness. Id. Additionally, a witness's presence at the scene of the offense does not
cause the witness to automatically become an accomplice witness. Id. In order for a person to
be an accomplice witness, there must be evidence of an affirmative act on her part to assist in the
commission of the offense. Id. at 440. 

 There is nothing in the record to indicate that Probst affirmatively assisted Lopez
in the commission of the burglary. The facts show that Probst and Lopez were acquainted and that
Lopez asked Probst for a ride home, requesting that she make two stops on the way. Probst
remained in her vehicle with her two sons while Lopez alone entered the Benoist residence and
removed a shotgun. Probst testified that she no longer wanted to drive Lopez to his home, but
feared he might harm her or her sons if she refused. The record contains no evidence that Probst
was aware of Lopez's plans to commit the offense, or that she encouraged him in any way. 
Further, she immediately reported the incident at the earliest opportunity.

 The critical inquiry on review of the legal sufficiency of the evidence to support a
criminal conviction is whether the record evidence could reasonably support a finding of guilt
beyond a reasonable doubt. See Ramos v. State, 923 S.W.2d 196, 197 (Tex. App.--Austin 1996,
no pet.). This Court does not ask whether it believes that the evidence at trial established guilt
beyond a reasonable doubt. Id. Instead, the relevant question is whether, after viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Id. (citing Jackson v. Virginia, 443
U.S. 307, 318-19 (1979)); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). In conducting a factual-sufficiency review, we view all of the evidence equally,
including the testimony of defense witnesses and the existence of alternative hypotheses. The
court does not view the evidence in the light most favorable to the prosecution as it does in legal-sufficiency review. The court should set aside a jury's verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. See Stone v. State, 823
S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd, untimely filed); Cain v. Bain, 709 S.W.2d
175, 176 (Tex. 1986); In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951).


 The State proved each required element of the charged offense through Probst's
eyewitness testimony that she saw Lopez enter the Benoist residence and remove a shotgun. 
Furthermore, we cannot say that the jury's verdict was contrary, wrong, or unjust. The evidence
is both factually and legally sufficient to support Lopez's conviction. Points of error one and two
are overruled.

 Lopez claims in his third point of error that Probst was an accomplice witness, and
that without corroboration, her testimony was insufficient to support his conviction. However,
the record does not show that Probst was an accomplice witness; therefore, no other corroborating
evidence is required to support her testimony. We overrule Lopez's third point of error.


Request for Accomplice Witness Jury Instruction

 Lopez's fourth point of error claims that the trial court erred in denying his request
for an accomplice witness jury instruction. We agree with the State that there was no need for this
instruction since Probst was not an accomplice witness as a matter of law. There is nothing in the
record to show that Probst affirmatively assisted Lopez in committing the burglary; the facts
merely show she provided an acquaintance with a ride. When the evidence affirmatively shows
that a witness was not an accomplice, no charge need be given to the jury either that the witness
is an accomplice, or that the jury is to decide whether the witness is an accomplice. See Harris
v. State, 645 S.W.2d 447, 456 (Tex. Crim. App. 1983). No evidence was presented at trial to
indicate that Probst participated in the offense, and there is corroborated evidence that Probst
immediately reported the burglary to the Lampasas Police Department. Lopez alleges that Probst
lied under oath about important details of her story, but fails to state which details. The jury was
properly instructed on reasonable doubt and Lopez was given an opportunity to address any
inconsistencies in Probst's testimony during final arguments. Lopez's fourth point of error is
overruled.

Motion for Mistrial based on Denial of Confrontation of Witnesses

 The record indicates that Lopez moved for a mistrial based on his belief that his
trial counsel failed to properly cross-examine the State's witnesses and failed to call witnesses on
Lopez's behalf. Lopez specifically wanted his counsel to cross-examine Patricia Probst concerning
her past criminal history. A hearing held out of the presence of the jury revealed that Probst had 
been convicted of misdemeanor possession of marihuana in 1983 and convicted of misdemeanor
driving while intoxicated (DWI) in 1992. Because it was established that Probst had not been
convicted of a felony or a crime of moral turpitude, the trial court refused to permit Lopez's
counsel to cross-examine Probst regarding these convictions for the purposes of impeachment. 

 The Texas Rules of Evidence allow impeachment of a witness by evidence of a
felony conviction or conviction of a crime involving moral turpitude. See Tex. R. Evid. 609(a). 
Additionally, Rule 609 places a ten-year limit on the use of these convictions for impeachment
purposes. See Tex. R. Evid. 609(b). However, neither possession of marihuana nor driving while
intoxicated is a crime involving moral turpitude under Texas law. See Bell v. State, 620 S.W.2d
116, 126 (Tex. Crim. App. 1976) (misdemeanor possession of marihuana does not involve moral
turpitude); see also Ladner v. State, 868 S.W.2d 417, 426 (Tex. App.--Tyler 1993, pet. ref'd)
(misdemeanor DWI not a crime involving moral turpitude). Thus, Probst's prior convictions were
not impeachable convictions under Rule 609. The trial court did not err in refusing Lopez's
request for cross-examination in this area for the purpose of impeachment.

 We construe Lopez's fifth point of error as arguing that the trial court erred in
denying his motion for mistrial based on his alleged inability to cross-examine the State's
witnesses. Aside from not being able to cross-examine Probst regarding her prior misdemeanor
convictions, the record does not reflect that Lopez was denied an opportunity to cross-examine any
witnesses. Therefore, the trial court did not err.

 In his appellate brief, Lopez also vaguely alleges that the trial court erred in
denying his motion for mistrial based on ineffective assistance of counsel. Although Lopez has
not properly briefed this issue, see Tex. R. App. P. 38.1(h), we will address it in the interest of
justice. The standard for reviewing claims of ineffective assistance of counsel is set forth in
McFarland v. State, 928 S.W.2d 482 (Tex. Crim. App.), cert. denied, 517 U.S. 1169 (1996). 
McFarland employs the two-part test for showing ineffective assistance of counsel announced by
the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). In Strickland,
the Court stated that a claimant must prove that counsel's representation so undermined the
"proper functioning of the adversarial process that the trial cannot be relied on having a just
result." Id. at 686. An appellant must prove: (1) that his counsel's representation was deficient,
and (2) that the deficient performance was so serious that it prejudiced his defense. Id. at 687. 
This means an appellant must be able to prove by a preponderance of the evidence that his
counsel's representation fell below the standard of prevailing professional norms, and that there
is a reasonable probability that but for counsel's deficiency the result of the trial would have been
different. See McFarland, 928 S.W.2d at 500.

 From our review of the record, Lopez has failed to demonstrate that his counsel
provided him ineffective assistance. As noted above, the trial court properly refused to allow
Lopez to cross-examine Probst regarding her misdemeanor convictions. The record reflects that
Lopez's trial attorney did cross-examine Probst regarding the details of her testimony and cross-examined the State's other witnesses. The record also shows that Lopez's attorney contacted one
of the potential witnesses Lopez wanted to testify, but did not feel this person had valuable
information to offer. The attorney was unable to locate, after six attempts, another person
suggested by Lopez as a defense witness. On these facts, we cannot say that Lopez was denied
effective assistance of counsel. Lopez has not shown that his right to confront witnesses against
him was violated, or that the trial court erred in refusing to grant a mistrial. Point of error five
is overruled.


Admission of Penitentiary Packets

 In his final point of error, Lopez claims the trial court erred in allowing two Texas
Department of Criminal Justice "pen packets" into evidence. Lopez argues the packets were not
properly certified because the records clerk's stamped facsimile signature is not a "genuine"
signature as required by the Texas Rules of Evidence. See Tex. R. Evid. 902(2). However, the
Court of Criminal Appeals has upheld the use of a stamped facsimile of an original signature in
signing legal documents, specifically documents from the Texas Department of Corrections. See
Estes v. State, 484 S.W.2d 711, 712 (Tex. Crim. App. 1972); see also Benavides v. State, 763
S.W.2d 587, 590 (Tex. App.--Corpus Christi 1988, pet. ref'd). Lopez's sixth point of error is
overruled.


CONCLUSION


 Having overruled each of Lopez's six points of error, we affirm the judgment of
conviction.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: October 15, 1998

Do Not Publish





cross-examine the State's
witnesses. Aside from not being able to cross-examine Probst regarding her prior misdemeanor
convictions, the record does not reflect that Lopez was denied an opportunity to cross-examine any
witnesses. Therefore, the trial court did not err.

 In his appellate brief, Lopez also vaguely alleges that the trial court erred in
denying his motion for mistrial based on ineffective assistance of counsel. Although Lopez has
not properly briefed this issue, see Tex. R. App. P. 38.1(h), we will address it in the interest of
justice. The standard for reviewing claims of ineffective assistance of counsel is set forth in
McFarland v. State, 928 S.W.2d 482 (Tex. Crim. App.), cert. denied, 517 U.S. 1169 (1996). 
McFarland employs the two-part test for showing ineffective assistance of counsel announced by
the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). In Strickland,
the Court stated that a claimant must prove that counsel's representation so undermined the
"proper functioning of the adversarial process that the trial cannot be relied on having a just
result." I