# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-99-00819-CR

**Marvin Harvey, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT NO. 0993441, HONORABLE BOB PERKINS, JUDGE PRESIDING

Appellant Marvin Harvey was convicted of violating a family protective order. *See* Tex. Penal Code Ann. § 25.07 (West Supp. 2001). The jury assessed appellant's punishment at imprisonment for four years. Appellant asserts that the evidence is legally and factually insufficient; he also complains in numerous points of error that the trial court erred in admitting inadmissible evidence, in charging the jury, and in failing to grant a motion for new trial. The judgment will be reversed because of egregiously harmful jury charge error.

We must first determine whether the evidence is legally sufficient to support the jury's verdict. In reviewing the legal sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord Patrick v. State*, 906 S.W.2d 481, 486 (Tex. Crim. App. 1995); *Geesa v. State*, 820 S.W.2d 154, 167 (Tex. Crim. App. 1991).

It was alleged:

> that Marvin Harvey, on or about the 15th day of May A.D. 1999,. . . did then and there, in violation of an order issued on behalf of Alice Zimmerman under Chapter 85 of the Family Code, to wit: Protective Order #240983 issued by the County Court at Law #1 for Travis County, Texas on June 11, 1998 and not expiring until June 10, 1999, the said Marvin Harvey knowingly and intentionally committed an act of family violence against Alice Zimmerman, to wit: assault, by striking her on and about the face with his hand, thereby causing her bodily injury and pain.[1]

Appellant concedes that the evidence shows that appellant assaulted Zimmerman as alleged and that on the day of the assault protective order 240983 existed; but appellant insists that the State failed to prove that before the assault he (1) knew the protective order existed, (2) knew the provisions of the protective order, or (3) had received the statutory warnings the law requires on all protective orders. On appeal, the State contends that the record shows appellant knew of the issuance and provision of protective order 240983 before he committed the offense for which he has been convicted. However, during the trial and in jury argument, the prosecutor took the position that it was only necessary to prove "that there was a protective order in place on the date of the offense."

On May 28, 1998, an application for a protective order was filed in cause number 240983 on behalf of Zimmerman. On the same day, notice that the application had been filed was issued and a temporary ex parte protective order was issued against the appellant, Marvin Donnel Harvey. On June 11, 1998, the court issued protective order number 240983, the order that

---

[1] We note that this indictment failed to allege a necessary element of the offense that appellant *knowingly and intentionally violated the protective order.* Compare this pleading with that in *Small v. State*, 809 S.W.2d 253, 255 (Tex. App.—San Antonio 1991, pet. ref'd). The failure of an indictment to allege an essential element of the offense is waived unless complaint is made before the date on which the trial on the merits commences. *Rodriguez v. State*, 799 S.W.2d 301, 303 (Tex. Crim. App. 1990).

appellant was convicted of violating. The order provided that appellant not go within 200 yards of Zimmerman's residence and that he refrain from committing acts of violence against Zimmerman. The statute provides that a protective order shall be "(1) delivered to the respondent as provided by Rule 21a, Texas Rules of Civil Procedure; (2) served in the same manner as a writ of injunction; or (3) served in open court at the close of the hearing." Tex. Fam. Code Ann. § 85.041 (West Supp. 2001). There is no evidence that appellant was present in court when the protective order was issued; and there is no evidence that the order was delivered to or served upon appellant in any of the three ways provided by the statute.

To say the least, the evidence that appellant knew of the issuance and the provisions of the protective order is sparse and convoluted. The notice of the filing of the application and the temporary protective order were admitted in evidence. The constable's return on each document is evidence that these documents were served on appellant the same day they were issued. That was fourteen days before the issuance of the order that appellant allegedly violated.

The State offered and the court admitted in evidence State's Exhibit 9, a document purportedly filed by appellant in cause number 502240 in which appellant was charged with resisting arrest. In that document, appellant states that (1) he "stands adjudicated guilty" of the offense of resisting arrest; (2) he is guilty of two other unadjudicated offenses for violating a protective order; (3) in assessing punishment in cause 502240, appellant asked the court to consider the two unadjudicated offenses and that the prosecution of these offenses be barred pursuant to article 12.45.[2] *See* Tex. Penal Code Ann. § 12.45 (West 1994). Attached to State's Exhibit 9 are two

---

[2] Pursuant to article 12.45, the defendant must acknowledge guilt in order to have those offenses considered in punishment of the adjudicated offense.

informations charging appellant with the violation of Protective Order 240983 by going within 200 yards of Zimmerman's residence on June 21 and 24, 1998.

The State argues that appellant's acknowledgment of his guilt in violating the same protective order is evidence that he knew of the issuance and the provisions of that protective order. In addition, Zimmerman testified that appellant was "the same Marvin Harvey [she] had a protective order against." She also testified she and appellant had discussed the protective order and its provisions and that appellant was aware of the order. Appellant's mother, with whom appellant lived, testified that she was aware of the protective order against appellant but she did not know whether it was in effect at the time of the offense. Appellant's mother also testified she advised appellant and Zimmerman to stop seeing one another so that appellant would not violate the order. However, Zimmerman continued to come to her house and visit appellant almost daily.

In a similar case, this Court held that the evidence was sufficient to show the defendant was aware of the issuance and the provisions of a protective order. *Ramos v. State*, 923 S.W.2d 196 (Tex. App.—Austin 1996, no pet.). In that case, we said,

> Thus, not only was appellant served with notice of application for protective order, a temporary ex parte order, and citation to appear for a show-cause hearing, but he also was arrested and pled guilty to violating the same protective order less than two months before the conviction now in dispute. This establishes that he did "receive notice, formal or informal, of the issuance or existence of the court order in question prior to his" violating it. Any rational trier of fact could have found beyond a reasonable doubt that a valid protective order existed and that appellant had knowledge of or was aware of the protective order before going to his mother's house on May 11, 1995. Accordingly, we overrule appellant's points of error.

*Id*. at 198-99 (citation omitted).

4

Although the evidence may have been slightly stronger in *Ramos*, we conclude that appellant was aware of the protective order and its provisions. Any rational trier of fact could have found beyond a reasonable doubt that appellant had knowledge of and was aware of the protective order before he assaulted Zimmerman. The evidence is legally sufficient to sustain appellant's conviction.

In his seventeenth and eighteenth points of error, appellant asserts that the trial court fundamentally and reversibly erred at the guilt-innocence phase of the trial by submitting a jury charge that omitted an essential element of the charged offense of violating a protective order. Appellant contends that the charge allowed his conviction without requiring the jury to find that he knew the protective order had been issued, knew of its provisions, and that he knowingly and intentionally violated that order. The State argues that appellant made no trial objection to the court's charge and that appellant has not been egregiously harmed. The State also points out that the application paragraph of the charge tracks the indictment. The State is correct in that appellant made no objection to the charge on the ground urged on appeal. The application paragraph of the charge does track the indictment; that is usually sufficient. However, as we have already pointed out, the indictment, to which there was no objection, omitted an essential element of the charged offense. This omission in both the indictment and the charge may be attributed to the statute's silence on the culpability requirement for the violation of a protective order. The statute provides: "A person commits an offense if, in violation of an order issued under . . . Chapter 85, Family Code, . . . the person knowingly and intentionally commits family violence . . . ." Tex. Penal Code Ann. § 25.07. The statute specifies the culpability requirement that a person act "knowingly or intentionally" in committing the *acts* by which the protective order is violated. However, the definition of the offense

fails to specify a culpable mental state requirement relating to the violation of the protective order. Therefore, Section 6.02 of the Penal Code must be considered and applied. *Id*. § 6.02 (West 1994).[3] If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element. *Id*. § 6.02(b). Section 25.07 does not plainly dispense with a mental element for violation of the protective order. *Id*. § 25.07. When a statute is silent about a culpable mental state, there is a presumption that a

---

[3]  Section 6.02 of the Penal Code provides:

(a)  Except as provided in Subsection (b), a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires.

(b)  If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element.

(c)  If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b), intent, knowledge, or recklessness suffices to establish criminal responsibility.

(d)  Culpable mental states are classified according to relative degrees, from highest to lowest, as follows:

(1)  intentional;

(2)  knowing;

(3)  reckless;

(4)  criminal negligence.

(e)  Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged.

Tex. Penal Code Ann. § 6.02 (West 1994).

culpable mental state is a required element of the offense. *See Aguirre v. State*, 22 S.W.3d 463, 472 (Tex. Crim. App. 1999).

A common sense argument indicating that a culpable mental state element is required for the violation of a protective order has been made in *Small v. State*, 809 S.W.2d 253, 256 (Tex. App.—San Antonio 1991, pet. ref'd).

> Although the law is clear that a defendant is presumed to know statutory law, the State cannot convincingly argue that a defendant is presumed to know what every court order ever issued prohibits. The State did not satisfy its obligation, as alleged, by simply establishing that the appellant knowingly and intentionally went near and to the household prohibited by the order, with or without knowledge of the existence of the order in question. For the appellant to have *knowingly and intentionally violated the order*, it was necessary for the appellant to have been aware of the order, and since the burden is upon the State to establish its charge, the State was required to furnish this evidence.
>
> . . . .
>
> Unless a defendant is somehow aware of what he is prohibited from doing by a specific court order, he cannot be guilty of knowingly and intentionally violating that court order. We hold that this is an essential element of this offense, and the State is required to prove that the appellant "knowingly and intentionally" violated the court order in question beyond a reasonable doubt.

*Id*.

The violation of a protective order under the provisions of Section 25.07 of the Penal Code requires a culpable mental state even though the statute does not prescribe one. *See Aguirre*, 22 S.W.3d at 470-77 (full discussion of Section 6.02 of Penal Code). Even though the evidence is legally sufficient, the trial court must instruct the jury by "a written charge distinctly setting forth the law applicable to the case." Tex. Code Crim. Proc. Ann. art 36.14 (West Supp. 2001); *Abdnor v. State*, 871 S.W.2d 726, 730 (Tex. Crim. App. 1994). "[T]he charge must contain an accurate statement of the law and must set out all of the essential elements of the offense." *Dinkins v. State*,

7

894 S.W.2d 330, 339 (Tex. Crim. App. 1995). "A jury charge which authorizes a conviction without requiring the jury to find all of the elements of the offense charged is fundamentally defective." *Evans v. State*, 606 S.W.2d 880, 883 (Tex. Crim. App. 1980); *accord West v. State*, 572 S.W.2d 712, 713 (Tex. Crim. App. 1978).

In pertinent part the jury charge reads as follows:

## I.

A person commits the offense of violation of a Protective order if, in violation of a protective order issued after notice and hearing, the person knowingly or intentionally commits family violence.
. . . .

## III.

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

## IV.

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, Marvin Harvey, on or about the 15 day of May, 1999, in the County of Travis, and State of Texas, as alleged in the indictment, did then and there in violation of an order issued on behalf of Alice Zimmerman under Chapter 85 of the Family Code, to wit: Protective Order #240983 issued by the County Court at Law #1 for Travis County, Texas on June 11, 1998 and not expiring until June 10, 1999, the said Marvin Harvey knowingly or intentionally committed an act of family violence against Alice Zimmerman, to wit: assault, by striking her on and about the face with his hand, thereby causing her bodily injury and pain you will find the defendant guilty of the offense of Violation of a Protective Order and so say by your verdict, but if you do not so believe, or if you

have a reasonable doubt thereof you will acquit the defendant and say by your verdict "Not Guilty."[4]

The jurors could not lawfully convict appellant of violating the protective order even if they believed beyond a reasonable doubt that a protective order had been issued and that appellant violated that order by assaulting Zimmerman. It was also necessary that the jurors believe beyond a reasonable doubt that appellant *knew* the protective order had been issued and that he *knew* its provisions. Although the charge required the jurors to find that appellant knowingly and intentionally assaulted Zimmerman, it cannot be construed to require the jury to find that appellant knew the specific protective order had been issued, knew of its provisions, and knowingly and intentionally violated the order. The jury charge was incomplete and erroneous, because it omitted an essential element of the offense charged. Because the jury charge error was not preserved in the trial court by a proper objection or a requested charge, we must determine whether the error caused appellant egregious harm.

An incomplete or erroneous jury charge does not result in automatic reversal of the judgment. *Abdnor*, 871 S.W.2d at 731; *Cormier v. State*, 955 S.W.2d 161, 163 (Tex. App.—Austin 1997, no pet.). When the error claimed is not raised in the trial court but is raised for the first time on appeal, a defendant must show that the error resulted in egregious harm. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984); *see also Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986). For charge error that was not preserved by a proper trial objection, the error must have

---

[4] Appellant filed the following specially requested charge. "If you find from the evidence that defendant did not knowingly or intentionally violate a lawful protective order, but did commit assault you shall find the defendant guilty of misdemeanor assault only and say by your verdict guilty of misdemeanor assault." However, the record fails to show that the requested charge was presented to and ruled on by the trial court.

been so harmful that the defendant was denied a fair and impartial trial. *Patrick v. State*, 906 S.W.2d at 492; *Arline*, 721 S.W.2d at 351; *Almanza,* 686 S.W.2d at 171; *Otting v. State*, 8 S.W.3d 681, 688 (Tex. App.—Austin 1999, pet. ref'd untimely filed).

In determining whether egregious harm resulted from charge error "the reviewing court may consider the following four factors: (1) the charge itself; (2) the state of the evidence including contested issues and the weight of the probative evidence; (3) arguments of counsel; and, (4) any other relevant information revealed by the record of the trial as a whole." *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996); *accord Bailey v. State*, 867 S.W.2d 42, 43 (Tex. Crim. App. 1993); *Saunders v. State*, 817 S.W.2d 688, 690 (Tex. Crim. App. 1991); *Almanza*, 686 S.W.2d at 171.

In our review of the court's charge, we find nothing that would cure the deficiency of authorizing the jury to convict appellant without finding a necessary element of the offense. "[I]n some cases the charge itself will demonstrate egregious harm." *Hutch*, 922 S.W.2d at 171 (citing *Ruiz v. State*, 753 S.W.2d 681 (Tex. Crim. App. 1988), *Manning v. State*, 730 S.W.2d 744 (Tex. Crim. App. 1987)). Although the charge, authorizing appellant's conviction without requiring the jury to find all of the elements of the offense, in itself demonstrates egregious harm, the record as a whole further demonstrates egregious harm resulting from the charge error.

Although we have found the evidence legally sufficient, the evidence of appellant's knowledge of the issuance and the provisions of the order was convoluted and barely sufficient. In proving this knowledge element of the offense, the State was allowed to show appellant had been convicted of the extraneous offense of resisting arrest. Further the State was allowed to show appellant had acknowledged his guilt of earlier violations of the same protective order; and this was

10

proof of two additional extraneous offenses. Whether appellant knew of the issuance and the provisions of the protective order and the State's manner of proving this issue were contested.

In jury argument the State argued:

> [T]his is a simple case . . . . We have to prove three things; that there was a protective order in place on the date of this offense; that the defendant violated it by committing an act of family violence; and that that act of family violence was an assault against Alice Zimmerman. If you are satisfied beyond a reasonable doubt that we have proved those three things to you you must find the defendant guilty. That is your job. That is your oath that you took as a juror.
> . . . .
> Has the state proved beyond a reasonable doubt each of the elements that it has to prove? Absolutely.
> . . . .
> We proved our three elements. We proved this case to you beyond any reasonable doubt. And on that basis you must convict Mr. Harvey.

By omitting a necessary element of the offense in his jury argument, the prosecutor misstated the law; and by telling the jury it only needed to believe the protective order was "in place on the date of the offense," the prosecutor compounded the charge error.

There are other relevant factors to consider. The assault was committed in Zimmerman's car while it was parked in front of the house where appellant lived with his mother. Evidence was admitted that some two hours after the assault, in another part of the city, appellant was arrested while vandalizing Zimmerman's house and car. The justification for admitting this evidence is not clear from the record. On appeal, the State argues that the evidence of the property damage was "same transaction contextual evidence" and that it showed motive, intent, and rebutted appellant's defense. Assuming this evidence was properly admitted, the court's charge failed to limit consideration of this evidence to the purpose for which it was admitted.

11

When the complete record is considered, the jury charge error omitting a necessary element of the offense shows egregious harm; the error was so harmful that appellant was denied a fair and impartial trial. Appellant's seventeenth and eighteenth points of error are sustained.

The judgment is reversed and the cause is remanded to the trial court.


_____Carl E. F. Dally, Justice

Before Justices Kidd, Puryear and Dally[*]

Reversed and Remanded

Filed: May 31, 2001

Publish

---

[*]  Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).