NUMBER
13-01-634-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

ROJERIO GALLEGOS,                                                           Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                   On
appeal from the County Court at Law No. 2 

                                  of Victoria County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

                  Before
Justices Dorsey, Hinojosa, and Rodriguez

                                Opinion
by Justice Rodriguez

 








       On February 8, 2001, appellant, Rojerio
Gallegos, was arrested for violating the terms of a protective order.  After the State presented its case, Gallegos
brought a motion for an instructed verdict. 
The trial court denied the motion, convicted Gallegos, and sentenced him
to 180 days in the Victoria County Jail and assessed a $1,000.00 fine.  By one point of error, Gallegos contends the
trial court erred in denying his motion for an instructed verdict because the
evidence is legally insufficient to establish he had proper notice the
protective order existed.  We
affirm.  

                                                       I.  FACTS

On April 20, 2000, a trial judge issued a protective order
barring Gallegos from visiting his daughter after making a finding that family
violence had occurred and was likely to occur again.  This protective order replaced a temporary ex
parte order previously issued by the judge. 
The order was issued by default. 
However, Gallegos arrived at the court house shortly after the hearing
and the assistant district attorney handling the case told Gallegos a final
protective order had been issued and that it read in the same manner as the
temporary ex parte order.[1]  The assistant district attorney also told
Gallegos that he would receive a copy of the final protective order.  

The protective order was subsequently sent by first class mail
to the address shown on the application for protective order.  The protective order stated it would be Apersonally
served upon respondent by placing a copy of the order in a wrapper properly
addressed to Darren Tom in the same manner perscribed [sic] in the Texas Code
of Civil Procedure 21(a).@  The name Darren Tom, instead of Rojerio
Gallegos, appeared in the section of the order stipulating the requirements  of
service.  The State conceded at trial the
name Darren Tom was included in the order by accident. 








 On February 8, 2001,
Gallegos was arrested after officers found him at the same residence as his
daughter.  Gallegos was charged with Aintentionally
and knowingly@ violating the
terms of the protective order. 

II. 
LEGAL SUFFICIENCY

A. Standard of Review 

 By one  point of error, Gallegos challenges
the legal sufficiency of the evidence

put forth by the State. 
When reviewing the legal sufficiency of evidence, the evidence is viewed
in a light most favorable to the verdict in order to determine whether any
rational fact-finder could have found the essential elements of a crime beyond
a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 318 (1979); Young v. State, 14 S.W.3d
748, 753 (Tex. Crim. App. 2000).  

B.  Analysis








 Gallegos argues the
evidence was legally insufficient to show he knowingly and intentionally
violated the protective order because there is no evidence he had notice of the
order.[2]  Gallegos relies on Small v. State, 809
S.W.2d 253 (Tex. App.BSan Antonio 1991, pet. ref=d).  However, this case is distinguishable.  In Small, the defendant appealed his
conviction alleging the State presented no evidence showing he actually knew of
the court order, therefore, the defendant argued he could not violate an order
of which he had no knowledge.  Id. at 254. 
The court held the State must prove, beyond a reasonable doubt, the
defendant knowingly and intentionally violated the protective order.  Id. at 256.  The court made clear that aside from the fact
the defendant was served with notice of a hearing on the protective order,
there was no evidence the defendant agreed to the order, attended the hearing
regarding the order, was ever served with a copy of the order, or that he Ain any way
received notice, formal or informal, of the issuance or existence of the court
order@ before he
violated it.  Id. at 256 (emphasis
added).  








In this case, the record shows Gallegos received informal
notice that the protective order was issued. 
First, Gallegos received notice of an application for a protective order
which clearly stated that if Gallegos did not attend the hearing, a default
judgment could result in a protective order being issued against him.  In Ramos v. State, 923 S.W.2d 196
(Tex. App.BAustin 1996, no
pet.), the court held that notice of application for protective order was
sufficient to show that the defendant knew of the protective order because it
contained a warning that a protective order could issue if he failed to attend
the hearing.  Id. at
197-99.  Second, Gallegos was
informed by the assistant district attorney, after he failed to appear at the hearing, that a protective order had been issued against him
which read in the same manner as the temporary ex parte order which had
previously been served to Gallegos.[3]  The record shows the temporary ex parte
order prohibited the same actions against the same people as the final
protective order.  Third, the protective
order itself supports the assertion by the State that the accidental inclusion
of the name ADarren Tom@ in the service
portion of the order would not affect Gallegos=s knowledge that the order pertained to
him and not someone else; the first page of the protective order clearly lists
Gallegos as the party against whom the order was issued.  

Finally, Gallegos=s argument that
he could not violate the order because it was improperly served is without
merit.  Rule 21(a) of the Texas Rules of
Civil Procedure lists the means by which service can be rendered.  See
Tex. R.
Civ. P. 21(a).  This rule also allows a court to use its
discretion to render service by means other than the ones listed.  Id. 
In this case, the court used its discretionary power and properly sent
the protective order to Gallegos via first class mail.  Further, even if the order was not served
properly, Gallegos would still be deemed to have notice because he was aware
the protective order existed.  See
Small, 809 S.W.2d at 256-57 (emphasis added).

Based on the evidence in the record, a rational trier of fact
could have found beyond a reasonable doubt that Gallegos knowingly and
intentionally violated the protective order because he was aware of the order=s existence at
the time of the violation.  See Young,
14 S.W.3d at 753. 
Therefore, we hold the evidence is legally sufficient to support the
conviction.  Gallegos=s sole point of
error is overruled.

Accordingly, we affirm the trial court=s
judgment.    

                                                                                                                                                                                            NELDA V.
RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 3rd day of July,
2002.








 











[1]According
to the record, Gallegos was served by citation with copies of the application
for protective order and the temporary ex parte protective order.  Although, the assistant district attorney did
not give Gallegos the specific details of the final protective order, the
record shows that the temporary and final orders prohibited the same actions
against the same people by Gallegos.





[2]The
Texas Penal Code provides that a person commits an offense if he Aknowingly
and intentionally@ violates a
protective order issued under chapter 85 of the Family Code.  See Tex.
Pen. Code Ann. ' 25.07(a) (Vernon Supp. 2002).





[3]Gallegos
does not contest the existence of the temporary ex parte order or the
method of service used to deliver a copy of the order to him.