NUMBER 13-03-094-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

MICHAEL ARTHUR McGIFFIN,                                            Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the County Court at Law No. 1 of
 Calhoun County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez

         Appellant, Michael Arthur McGiffin, was tried before a jury and convicted of
violating a protective order. See Tex. Pen. Code. Ann. § 25.07 (Vernon Supp. 2004). 
The jury assessed a sentence of six months in jail and a fine of $3000.00. The trial
court has certified that this “is not a plea-bargain case, and the Defendant has the
Right of Appeal.” See Tex. R. App. P. 25.2(a)(2). By one issue, appellant contends
that the evidence is legally and factually insufficient to convict him beyond a
reasonable doubt of intentionally or knowingly violating a protective order. We affirm. 
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. VIOLATION OF PROTECTIVE ORDER
A. Standard of Review
1. Legal Sufficiency
         In a legal sufficiency review, this Court must examine the evidence presented
in the light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense present beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Young v. State,
14 S.W.3d 748, 753 (Tex. Crim. App. 2000). In making this determination, the
reviewing court considers all the evidence admitted that will sustain the conviction,
including improperly admitted evidence. Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001). Questions concerning the credibility of witnesses and the weight
to be given their testimony are to be resolved by the trier of fact. Mosley v. State,
983 S.W.2d 249, 254 (Tex. Crim. App. 1998). A jury “as the sole judge of the
weight and credibility of the evidence” is free to accept or reject any evidence “even
if that evidence was uncontradicted.” Wilkerson v. State, 881 S.W.2d 321, 324 (Tex.
Crim. App. 1994) (citing Vanderbilt v. State, 629 S.W.2d 709, 716 (Tex. Crim. App.
1981)). Evidence is not rendered insufficient when conflicting evidence is introduced. 
Matchett v. State, 941 S.W.2d 922, 936 (Tex. Crim. App. 1996). The reviewing
court must assume that the fact finder resolved conflicts, including conflicting
inferences, in favor of the verdict, and must defer to that resolution. Id.
         On appeal, we measure the legal sufficiency of the evidence in a jury trial by the
elements of the offense as defined by a hypothetically correct jury charge for the case. 
See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Poindexter v.
State, 115 S.W.3d 295, 298 (Tex. App.–Corpus Christi 2003, pet. denied). This
hypothetically correct jury charge would set out the law, be authorized by the
indictment, not necessarily increase the State's burden of proof or necessarily restrict
the State's theories of liability, and adequately describe the particular offense for
which the defendant was tried. Malik, 953 S.W.2d at 240; see Curry v. State, 30
S.W.3d 394, 404 (Tex. Crim. App. 2000). 
2. Factual Sufficiency
         We also measure the factual sufficiency of the evidence by the elements of the
offense as defined by a hypothetically correct jury charge for the case. See Adi v.
State, 94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref'd) (discussing
application of “hypothetically correct jury charge” analytical construct in context of
factual sufficiency review in case tried to jury). In reviewing the factual sufficiency
of the elements of the offense on which the State carries the burden of proof, we
impartially examine all of the evidence and set aside the verdict only if “proof of guilt
is so obviously weak as to undermine confidence in the jury’s determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by the contrary
proof.” Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003) (citing
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). In our factual
sufficiency review, we are again required to accord due deference to the jury's
determinations on the weight and credibility of the evidence and may not merely
substitute our own judgment. Swearingen, 101 S.W.3d at 97; Johnson, 23 S.W.3d
at 7; Mosley, 983 S.W.2d at 254.
B. The Protective Order
         Pursuant to a magistrate’s order of emergency protection, appellant was
prohibited from (1) committing family violence or an assault on the persons protected
under the order, (2) communicating directly with a member of the family or household
or with the persons protected under the order in a threatening or a harassing manner,
(3) communicating a threat through any person to a member of the family or household
or to the persons protected under the order, or (4) going within 500 feet of the
residence of the persons protected under the order or the residence of a member of the
family or household protected under the order or the school attended by her children. 
See Tex. Pen. Code Ann. § 25.07 (Vernon Supp. 2004). To prove a violation of the
protective order under the theory alleged in the information, the State was required to
show that appellant intentionally or knowingly went within 500 feet of the place of
residence of his wife. See id. § 25.07(a)(3)(A).
C. Analysis
         Appellant first contends that he was enticed into violating the protective order
by his wife who told appellant that she had prepared his favorite meal. He further
contends that the actions of his wife, and the fact that the magistrate encouraged
peaceful conversation between appellant and his wife, allowed him to assume that he
was permitted to go to his wife’s place of residence to talk with her. Specifically,
appellant argues that the evidence is insufficient to show that he intentionally or
knowingly violated the protective order. However, contrary to appellant’s contention,
the State was not required to prove appellant intentionally or knowingly violated the
protective order. See Harvey v. State, 78 S.W.3d 368, 371 (Tex. Crim. App. 2002)
(interpreting section 25.07 of the penal code to require intent or knowledge in
performing the act or acts prohibited by the protective order) (emphasis added). The
State was only required to show that appellant intentionally or knowingly violated one
or more of the terms laid out in the protective order. See id.
         Appellant also draws the Court’s attention to the dismissal of the protective
order on January 14, 2002, five days after the violation, and to his wife’s signing of
a non-prosecution affidavit on March 8, 2002. We find that these two events bear no
relation to our determination of whether the evidence is sufficient to establish that
appellant intentionally or knowingly went within 500 feet of his wife’s home on
January 9, 2002. 
1. Legal Sufficiency
         Appellant does not dispute that he was within 500 feet of his wife’s home. In
his brief, appellant contends that his wife enticed him to come to the protected
residence by telling him she was cooking his favorite meal, and thus by such
contention impliedly concedes that he was there either intentionally or knowingly. 
         Reviewing the evidence in the light most favorable to the verdict, see Jackson,
443 U.S. at 319, we conclude that the jury, acting as a rational trier of facts, could
have found beyond a reasonable doubt that appellant intentionally or knowingly went
within 500 feet of the protected residence and thus, violated the terms of the
protective order. See Tex. Pen. Code Ann. § 25.07 (Vernon Supp. 2004). The
evidence is therefore legally sufficient. 
2. Factual Sufficiency
         Appellant also contends that the evidence is factually insufficient to support the
jury’s finding. We disagree. Based on the evidence presented above, we conclude
that the proof of guilt is not so obviously weak as to undermine confidence in the
jury’s determination nor is the proof of guilt greatly outweighed by contrary evidence. 
See Swearingen, 101 S.W.3d at 97. The evidence is therefore also factually sufficient
to uphold the jury’s verdict. Appellant’s sole issue is overruled.
 
III. CONCLUSIONAccordingly, the judgment of the trial court is affirmed.

                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 15th day of July, 2004.