11th Court of Appeals
Eastland, Texas
Opinion
 
Tony Bennett Polley
            Appellant
Vs.                  No. 11-03-00340-CR -- Appeal from Harris County
State of Texas
            Appellee
 
            The jury convicted Tony Bennett Polley of violating a protective order. Upon a plea of true
to the enhancement allegation, the jury assessed punishment at confinement for 11 years. We affirm. 
            Appellant presents five points of error on appeal. In the first and second points, he challenges
the legal and factual sufficiency of the evidence regarding his knowledge of the protective order. 
In order to determine if the evidence is legally sufficient, we must review all of the evidence in the
light most favorable to the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). In order to determine if the evidence
is factually sufficient, we must review all of the evidence in a neutral light and determine whether
the evidence supporting guilt is so weak that the verdict is clearly wrong and manifestly unjust or
whether the evidence contrary to the verdict is so strong that the beyond-a-reasonable-doubt burden
of proof could not have been met. Zuniga v. State, 144 S.W.3d 477 (Tex.Cr.App.2004); Ross v.
State, 133 S.W.3d 618 (Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.
App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126
(Tex.Cr.App.1996).
            A person commits an offense under TEX. PEN. CODE ANN. § 25.07(a)(1) (Vernon Supp.
2004 - 2005) if, in violation of a protective order issued under TEX. FAM. CODE ANN. ch. 85
(Vernon 2002), the person knowingly or intentionally commits family violence. In this case, appel-
lant was charged with violating the protective order by committing the offense of assault against the
protected person by striking her in the head with his hand.
            The record shows that Officer Steven Hull of the Houston Police Department was dispatched
to a disturbance call at a small motel. When he arrived, Officer Hull observed appellant in the road
with his arm locked tight around a female’s neck, choking her. The female victim, later identified
as Kelly Case, was struggling and screaming for help. Officer Hull drew his weapon and ordered
appellant to release the victim. Appellant let go of the victim and “took off running.” Officer Hull
testified that the victim was hysterical and that she told him appellant had just assaulted her. 
According to Officer Hull’s testimony, the victim said that appellant had called her and asked her
to meet with him and that, when she arrived, appellant immediately attacked her. In addition to
seeing appellant trying to choke the victim, Officer Hull observed that the area around the victim’s
eye was swollen and rapidly turning red where she had been struck recently.
            At the time of this incident, a valid protective order was in place to protect the victim from
appellant. The protective order was issued pursuant to Chapter 85 and was introduced into evidence
as an exhibit. The protective order had been obtained in a default hearing. The record shows,
however, that appellant had received notice of the hearing in which the protective order was issued. 
Sarah Green, a family caseworker in the district attorney’s office, testified that she received a fax
from Orleans Parish, Louisiana, showing that appellant was duly served. The reporter’s record also
shows that a certified copy of the return of service was produced in court during the present trial and
that it was shown to appellant’s attorney but not offered into evidence.
            We hold that, even though the return of service, was not offered into evidence, the evidence
is sufficient to support appellant’s conviction. The Texas Court of Criminal Appeals has concluded
that the only requirement with respect to this issue is that the defendant:
[B]e given the resources to learn the provisions; that is, that he be given a copy of the
order, or notice that an order has been applied for and that a hearing will be held to
decide whether it will be issued. The order is nonetheless binding on the respondent
who chooses not to read the order, or who chooses not to read the notice and the
application and not to attend the hearing.
Harvey v. State, 78 S.W.3d 368, 373 (Tex.Cr.App.2002). In order for a protective order to be
binding, Chapter 85 requires that the respondent be served with the application and notice of the
hearing. The purpose of these notification procedures is to insure that the person to whom the
protective order applies has knowledge of the order or, at the very least, knowledge of the application
for a protective order and notice that a default judgment may be rendered against him. Harvey v.
State, supra at 371-72.
            In this case, appellant’s notice that a protective order had been sought was shown through
Green’s testimony regarding the return of service upon appellant and through the introduction of the
protective order itself. We hold that the evidence is both legally and factually sufficient to establish
the requisite knowledge. See Harvey v. State, supra. Appellant’s first and second points of error are
overruled.
            In his third point, appellant contends that Section 85.006 of the Family Code is
unconstitutional, in violation of his right to due process, because it allows a criminal conviction for
violating a protective order to be binding and valid in the absence of a respondent’s actual
knowledge of the issuance or contents of the protective order. If appellant’s complaint is directed
at the statute as applied to him, the complaint was not preserved for review because appellant made
no such objection at trial. Curry v. State, 910 S.W.2d 490, 496 (Tex.Cr.App.1995). If appellant’s
complaint is that the statute is unconstitutional on its face, we disagree with such contention. 
            When reviewing the constitutionality of a statute, we presume that the statute is valid and that
the legislature has not acted unreasonably or arbitrarily in enacting it. Ex parte Granviel, 561
S.W.2d 503, 511 (Tex.Cr.App.1978). The burden is on the party challenging the statute to establish
that it is unconstitutional. Ex parte Granviel, supra. In order to establish that a statute is
unconstitutional on its face, the challenger must establish that no set of circumstances exists under
which the statute would be valid. Briggs v. State, 789 S.W.2d 918, 923 (Tex.Cr.App.1990).
            Section 85.006 provides in relevant part: “A court may render a protective order that is
binding on a respondent who does not attend a hearing if the respondent received service of the
application and notice of the hearing.” Appellant was convicted under TEX. PEN. CODE ANN. §
25.07 (Vernon Supp. 2004 - 2005) for violating a protective order that was issued pursuant to
Chapter 85 of the Family Code. Assuming that appellant can challenge the validity of Section
85.006 at this juncture, we find that that section does not infringe upon the due process clause. With
the exception of emergency situations, due process requires that, when a governmental entity seeks
to terminate a protected interest, it “must afford ‘notice and opportunity for hearing appropriate to
the nature of the case’ before the termination becomes effective.” Bell v. Burson, 402 U.S. 535, 542
(1971)(quoting Mullane v. Central Hanover Bank & Trust, Co., 339 U.S. 306, 313 (1950))(Emphasis
in original). Chapter 85 affords a respondent both notice and an opportunity for a hearing prior to
the issuance of a protective order. See Harvey v. State, supra. In this case, there was evidence that
appellant had been afforded both notice and an opportunity to be heard. Appellant, however,
apparently chose not to avail himself of such opportunity. Because Chapter 85 affords both notice
and an opportunity for a hearing, it does not violate the due process clause. Appellant’s third point
of error is overruled. 
            In his fourth point, appellant contends that the trial court erred by admitting the hearsay
testimony of Officer Hull concerning what the victim told him. In particular, appellant complains
about the following out-of-court statements: that the victim had had problems with appellant before
this incident and that appellant had previously assaulted the victim. Appellant objected that these
statements were inadmissible hearsay. The trial court overruled appellant’s objection.
            Prior to the admission of the victim’s out-of-court statements, the State introduced evidence
showing that the testimony was admissible as an excited utterance under TEX.R.EVID. 803(2). 
Under Rule 803(2), out-of-court statements are admissible if they “relat[e] to a startling event or
condition made while the declarant was under the stress of excitement caused by the event or
condition.” The record reflects that Officer Hull arrived on the scene while the offense was still
occurring. He testified that the victim was “hysterical.” The statement made to Officer Hull related
to a “startling event or condition” and was made while the victim “was under the stress of excitement
caused by the event or condition.” Thus, the trial court did not abuse its discretion in determining
that this testimony was admissible as an excited utterance under Rule 803(2). Moreover, we note
that the substance of the victim’s out-of-court statements had already been admitted into evidence. 
Therefore, any error in the admission of the victim’s out-of-court statements was harmless under
TEX.R.APP.P. 44.2(b). Prior to Officer Hull’s testimony, a family caseworker in the district
attorney’s office had testified without objection that she met with the victim approximately five
months before this offense occurred and helped the victim obtain a protective order against appellant. 
The caseworker testified that, in order for the victim to obtain a protective order, she had to show
a history of family violence and a likelihood of continued violence. The fourth point of error is
overruled. 
            In his final point, appellant contends that, during closing argument, the prosecutor improperly
commented upon appellant’s failure to testify. The prosecutor argued: “We’ve heard speculation
from the Defense counsel, but you haven’t heard one shred of evidence about the defendant trying
to prevent anything.” Because appellant did not object, the issue was not preserved for review. 
TEX.R.APP.P. 33.1; Ladd v. State, 3 S.W.3d 547, 569 (Tex.Cr.App.1999), cert. den’d, 529 U.S.
1070 (2000); Cockrell v. State, 933 S.W.2d 73, 89 (Tex.Cr.App.1996), cert. den’d, 520 U.S. 1173
(1997).
            Moreover, the argument was not improper jury argument and did not necessarily constitute
an impermissible comment upon appellant’s failure to testify. There are four categories of proper
jury argument: (1) summation of the evidence, (2) reasonable deductions from the evidence, (3)
answers to the arguments of opposing counsel, and (4) pleas for law enforcement. Cantu v. State,
842 S.W.2d 667, 690 (Tex.Cr.App.1992), cert. den’d, 509 U.S. 926 (1993). The record shows that
the prosecutor’s argument was made in response to that of opposing counsel. Prior to the
prosecutor’s argument, defense counsel had argued as follows: 
[M]aybe [appellant] was wrongly accused. Maybe [appellant] was trying to just hold
this woman back from leaving....[M]aybe he was trying to save [the victim] from
doing something more dire, more desperate. Maybe she was in need of a fix, and he
was trying to keep her from going there.
Appellant’s fifth point of error is overruled. 
            The judgment of the trial court is affirmed. 
 
                                                                                                JIM R. WRIGHT
December 16, 2004                                                                JUSTICE 
Do not publish. See TEX.R.APP.P. 47.2(b). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.