Marvin HARVEY, Appellant,

v.

The STATE of Texas.

No. 1548–01.

Court of Criminal Appeals of Texas,
En Banc.

June 26, 2002.

Ken Mahaffey, Austin, for Appellant.

Holly E. Taylor, Assistant District Attorney, Matthew Paul, State's Attorney, Austin, for State.

WOMACK, J., delivered the opinion for a unanimous Court.

A person commits the offense of violation of protective order if, "in violation of an order issued under [one of certain provisions of the Family Code or Code of Criminal Procedure], the person knowingly or intentionally commits family violence" or performs another prohibited act. *See* Penal Code section 25.07.[1] This appeal presents the question, Does the statute

---

1. "A person commits an offense if, in violation of an order issued under Section 6.504 or Chapter 85, Family Code, under Article 17.292, Code of Criminal Procedure, or by

require a culpable mental state as to the element of "in violation of an order"?

## I.

The indictment in this case tracked the statute.[2] The defendant did not except to the indictment.

The court's charge to the jury said, "A person commits the offense of violation of a Protective order [*sic*] if, in violation of a protective order issued after notice and hearing, the person knowingly or intentionally commits family violence." The charge defined the terms "family violence," "household," "member of a household," "intentionally," and "knowingly." The law

another jurisdiction as provided by Chapter 88, Family Code, the person knowingly or intentionally:
(1) commits family violence or an act in furtherance of an offense under Section 42.072;
(2) communicates:
(A) directly with a protected individual or a member of the family or household in a threatening or harassing manner;
(B) a threat through any person to a protected individual or a member of the family or household; and
(C) in any manner with the protected individual or a member of the family or household except through the person's attorney or a person appointed by the court, if the order prohibits any communication with a protected individual or a member of the family or household;
(3) goes to or near any of the following places as specifically described in the order:
(A) the residence or place of employment or business of a protected individual or a member of the family or household; or
(B) any child care facility, residence, or school where a child protected by the order normally resides or attends; or
(4) possesses a firearm." Tex. Penal Code § 25.07(a).
At the time of the offense in this case, the statute that was in effect ended with subsection (a)(3). An amendment that added subsection (a)(4) ("possesses a firearm") had not yet become effective. The amendment is not material to this case.

was applied to the facts in an application paragraph that tracked the indictment. The defendant's only objections to the charge were to the definition of "family violence."[3]

After the trial the appellant complained for the first time that the charge was defective in another respect. "It does not inform or require them to find the gravamen of the offense: that he committed assault knowing it would or intending to violate the order. It does not require they find he knew the order existed, its terms or that the assault was prohibited by it, nor that he received the warning required by T[exas] F[amily] C[ode], Sec. 85.026."[4]

2. "Martin Harvey, on or about the 15th day of May A.D. 1999 ..., did then and there, in violation of an order issued on behalf of [A.Z.] under Chapter 85 of the Family Code, to wit: Protective Order # 240983 issued by the County Court at Law # 1 for Travis County, Texas on June 11, 1998 and not expiring until June 10, 1999, the said Martin Harvey knowingly and intentionally committed an act of family violence against [A.Z.], to wit: assault, by striking her on and about the face with his hand, thereby causing her bodily injury and pain."

3. The clerk's record contains the appellant's handwritten, special request for charges on self-defense and a lesser included offense. The latter charge would authorize the jury to convict for the lesser offense of assault if they found that he "did not knowingly or intentionally violate a lawful protective order, but did commit assault." This charge was not mentioned at the court's "charge conference" with the attorneys. The reporter's record shows that, just before reading its charge to the jury, the court denied "a requested charge that we talked about yesterday, requested charge in self-defense." The appellant has not argued at any time that this was a ruling on his requested charge for a lesser included offense.

4. Brief in court of appeals at 46.

He cited decisions of courts of appeals that held,[5] or assumed,[6] that such facts were required to be proved.

The Third Court of Appeals reversed. *Harvey v. State*, 48 S.W.3d 847 (Tex. App.—Austin 2001). It held that the charge was fundamentally defective for omitting a culpable mental state:

> The statute provides: "A person commits an offense if, in violation of an order issued under ... Chapter 85, Family Code, ... the person knowingly and intentionally commits family violence...." Tex. Penal Code Ann. § 25.07. The statute specifies the culpability requirement that a person act "knowingly or intentionally" in committing the acts by which the protective order is violated. However, the definition of the offense fails to specify a culpable mental state requirement relating to the violation of the protective order. Therefore, Section 6.02 of the Penal Code must be considered and applied. Id. § 6.02 (West 1994). If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element. Id. § 6.02(b). Section 25.07 does not plainly dispense with a mental element for violation of the protective order. Id. § 25.07. When a statute is silent about a culpable mental state, there is a presumption that a culpable mental state is a required element of the offense. See *Aguirre v. State*, 22 S.W.3d 463, 472 (Tex.Crim. App.1999).[7]

...

> The violation of a protective order under the provisions of Section 25.07 of the Penal Code requires a culpable mental state even though the statute does not prescribe one. See *Aguirre*, 22 S.W.3d at 470–77 (full discussion of Section 6.02 of Penal Code).[8]

...

> The jurors could not lawfully convict appellant of violating the protective order even if they believed beyond a reasonable doubt that a protective order had been issued and that appellant violated that order by assaulting [A.Z.] It was also necessary that the jurors believe beyond a reasonable doubt that appellant *knew* the protective order had been issued and that he *knew* its provisions. Although the charge required the jurors to find that appellant knowingly and intentionally assaulted [A.Z.], it cannot be construed to require the jury to find that appellant knew the specific protective order had been issued, knew of its provisions, and knowingly and intentionally violated the order. The jury charge was incomplete and erroneous, because it omitted an essential element of the offense charged. Because the jury charge error was not preserved in the trial court by a proper objection or a requested charge, we must determine whether the error caused appellant egregious harm.[9]

The Court of Appeals held that the error required a new trial.[10] We granted review to decide whether the charge was defective

**5.** *Small v. State,* 809 S.W.2d 253 (Tex.App.—San Antonio 1991, pet. ref'd).

**6.** *Ramos v. State,* 923 S.W.2d 196 (Tex.App.—Austin 1996, no pet.).

**7.** *Harvey,* 48 S.W.3d at 852 (footnote omitted).

**8.** *Id.,* at 853.

**9.** *Id.,* at 854 (emphasis in original).

**10.** *See id.,* at 854–55.

and, if it was, whether the defect was a reversible error.

## II.

We agree with the Court of Appeals that, from a plain reading of the statute, the culpable mental states "intentionally or knowingly" in Section 25.07(a) apply to the performance of the acts that are described in the subsections that follow those words. They do not apply to the preceding language, "in violation of an order" etc. Although the Court of Appeals quoted another court's opinion that seems to apply "knowingly and intentionally" to the preceding language about the violation of an order,[11] the Third Court did not base its holding on such a construction of the statute. It specifically "considered and applied" Section 6.02(b) of the Penal Code.

■ We think that it is unnecessary to apply Section 6.02(b). That section, as it says, applies "when the definition of an offense does not prescribe a culpable mental state." We read Section 25.07(a) to prescribe a culpable mental state for the element "in violation of an order," because the meaning of that term necessarily includes certain knowledge that amounts to a mental state.

Section 25.07(a) makes it an element of the offense that the culpable act be performed "in violation of an order issued under Section 6.504 or Chapter 85, Family Code, under Article 17.292, Code of Criminal Procedure, or by another jurisdiction as provided by Chapter 88, Family Code." Those codes, in turn, require certain procedures for the order to be binding, as we shall set out in detail below. In brief, the procedural requirement for the Code of Criminal Procedure order is that it must be issued to the defendant personally, in open court. The Family Code requirement is that the respondent be served with the application and notice of the hearing, without which the protective order is not binding. It is the evident purpose of these procedures to insure that the person to whom the protective order applies has knowledge of the order, or at the very least such knowledge of the application for a protective order that he would be reckless to proceed without knowing the terms of the order.

Article 17.292 of the Code of Criminal Procedure applies to a defendant who has been arrested for family violence or stalking. When a person is arrested, the person who made the arrest or who has custody of the arrestee, must have the arrestee taken before a magistrate who warns the arrestee of his rights, appoints counsel or begins the process for appointment of counsel, and admits the person to bail.[12] Article 17.292 authorizes (and in some cases, requires) the magistrate to issue an order for emergency protection that prohibits the arrested party from performing the acts that are specified in Section 25.07(a) of the Penal Code.[13] The article requires service of a copy of the order on the defendant in open court.[14] Thus this procedure for the issuance of the order requires that the person to whom the order applies will have (or at least will have been given) notice of its terms.

---

11. *See Harvey,* 48 S.W.3d at 852–53 (quoting *Small v. State,* 809 S.W.2d 253, 256 (Tex. App.—San Antonio 1991, pet. ref'd) ("For the appellant to have *knowingly and intentionally violated the order,* it was necessary for the appellant to have been aware of the order") (italics in original)).

12. *See* Tex.Code Crim. Proc. art. 15.17.

13. *See id.,* art. 17.292(b).

14. *See id.,* art. 17.292(j).

The Family Code procedures for a Texas court to render a protective order require service of notice and a copy of the application as a prerequisite for a protective order to be binding. "A court may render a protective order that is binding on a respondent who does not attend a hearing *if* the respondent received service of the application and notice of the hearing." [15]

Section 6.504 of the Family Code authorizes a court, "on the motion of a party to a suit for dissolution of a marriage ... [to] render a protective order as provided by Subtitle B, Title 4." That subtitle contains the provisions for protective orders, including Chapter 85, which regulates the issuance of protective orders. The procedures under Section 6.504 of the Family Code are, therefore, identical to those under Chapter 85 of the Family Code, except *for notice.*

If the application is filed as a motion in a suit for dissolution of a marriage under Section 6.504, notice of the motion is given in the same manner as any other motion in such a suit.[16] The party against whom a protective order is sought will already have been served with citation (or have waived service), and must be served with the motion under Rule of Civil Procedure 21a.

When issuance of a protective order is sought under Chapter 85 of the Family Code, the notice requirements of Chapter 82 apply. The clerk of the court must issue a notice that application for a protective order has been filed.[17] "Each respondent to an application for protective order is entitled to service of notice of an application for protective order." [18] The notice informs the respondent, among other things, that if he does not attend the hearing a protective order may be issued against him.[19] The notice "must be served in the same manner as citation under the Texas Rules of Civil Procedure, except that service by publication is not authorized." [20] The methods of citation, other than by publication, are by delivery, by registered or certified mail, or (if those methods have been unsuccessful) by another method authorized by the court.[21] If a respondent receives service within 48 hours before the time set for the hearing, he is entitled to have the hearing rescheduled.[22]

Although the Family Code authorizes temporary, ex parte protective orders, they are not included in Penal Code section 25.07(a), and will not authorize conviction under that section. The Family Code contains two provisions that authorize temporary, ex parte protective orders: Section 6.405, if the order is sought as part of a pending suit for dissolution of marriage; and Chapter 83 for other applications. Penal Code section 25.07(a) incorporates only Section 6.504 and Chapter 85, both of which authorize binding orders only after service, as we have said above.

Therefore, proof that an act was "in violation of an order issued under Section 6.504 or Chapter 85, Family Code, [or] under Article 17.292, Code of Criminal Procedure," as Penal Code 25.07(a) requires, must be proof of either an order that was issued after service of a copy of

---

**15.** *Id.,* § 85.006(a) (emphasis added).

**16.** *See* Tex. Fam.Code § 82.043(e).

**17.** *See id.,* § 82.042(a).

**18.** *Id.,* § 82.043(a).

**19.** *See id.,* § 82.041(b).

**20.** *Id.,* § 82.043(c).

**21.** *See* Tex.R. Civ. P. 106.

**22.** *See* Tex. Fam.Code § 84.004.

the application and notice under the Family Code, or an order that was issued by a magistrate who warned the defendant of his rights after arrest and a copy of which was given the defendant in open court. In all these cases a person would know the terms of the order or would know that he was subject to the issuance of such an order.

■ The term "in violation of an order issued under Section 6.504 or Chapter 85, Family Code [or] under Article 17.292, Code of Criminal Procedure," must be construed in light of these procedural requirements. So construed, the term means "in violation of an order that was issued under one of those statutes at a proceeding that the defendant attended or at a hearing held after the defendant received service of the application for a protective order and notice of the hearing."

A court's charge to the jury in the trial of a case of violation of protective order should include a definition of the term "in violation of an order issued under Section 6.504 or Chapter 85, Family Code [or] under Article 17.292, Code of Criminal Procedure" that is similar to the construction we have given it.

We have not overlooked the portion of Section 25.07(a) that applies to an act that was "in violation of an order ... issued by another jurisdiction as provided by Chapter 88, Family Code." We think it likely that the laws of other jurisdictions require similar notice provisions. If prosecution is brought for violation of another jurisdiction's order that was issued without notice, and if the defendant in such a case had no actual notice of the order, there will be an issue whether such evidence establishes the offense. Today we need only say that there is no such problem in this case.

As we have construed the term "in violation of an order issued under Section 6.504 or Chapter 85, Family Code [or] under

Article 17.292, Code of Criminal Procedure," it is in effect a requirement of a culpable mental state for that element. Although we think it was not necessary for the Court of Appeals to resort to Section 6.02(b) of the Penal Code, which deals with a definition of an offense that does not prescribe a culpable mental state, we agree with the Court of Appeals that the statute requires some knowledge of the protective order.

■ The State does not argue that the appellant could be held liable without having some such knowledge of the order. It does say that the Court of Appeals went too far in requiring that the appellant "knew its provisions." We think the State is right, for we find no such requirement in the procedures for protective orders. The requirements are only that the respondent be given the resources to learn the provisions; that is, that he be given a copy of the order, or notice that an order has been applied for and that a hearing will be held to decide whether it will be issued. The order is nonetheless binding on the respondent who chooses not to read the order, or who chooses not to read the notice and the application and not to attend the hearing.

The charge in this case correctly told the jury, "A person commits the offense of violation of a protective order if, in violation of a protective order *issued after notice and hearing,* the person knowingly or intentionally commits family violence." This was the essence of the construction we have given Section 25.07(a) of the Penal Code for orders issued under Chapter 85 of the Family Code.

A party might be entitled to a fuller exposition of the requirements of the Family Code upon special request. But the charge that was given did not entirely omit

the mental state requirement for the element in question.

The appellant neither requested a different charge on this element, nor did he object to the instruction. This is understandable. The record contained several copies of official records that showed he had notice of the application for the protective order and the hearing to consider it. His defense had nothing to do with a lack of knowledge about the protective order. It was to question the credibility of the witnesses to an act of family violence.

Because we hold that the court's charge was not fundamentally defective, the issue of whether a fundamental defect denied the appellant a fair trial is no longer in the case.

The judgment of the court of appeals is reversed, and the case is remanded to that court for consideration of the appellant's remaining points of error.