Manuel Fernandez v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-04-034-CR

2-04-035-CR

MANUEL FERNANDEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. 
Introduction

Appellant Manuel Fernandez appeals two convictions for violating a protective order.  A jury found Fernandez guilty and assessed his punishment at ten years’ confinement and a fine of $9,000, in one case and at ten years’ confinement and a $10,000 fine in the other case.  In a single point, Fernandez challenges the factual sufficiency of the evidence to support his convictions; specifically, he claims the State failed to prove he received notice of the protective order.  We will affirm.

II. 
Background Facts

On February 8, 2001, Fernandez and his ex-wife, Leticia Castilleja, appeared in district court and entered into an agreed protective order which prohibited Fernandez from going within two-hundred yards of Castilleja’s residence, her place of employment, the place where she volunteered, and the residences of related persons.  Fernandez initialed the agreed protective order in numerous places and signed the order in two places. Fernandez’s first signature follows a statement on the order that indicates he agrees to and approves the form and content of the protective order. Fernandez’s second signature appears directly after a statement indicating that he received a copy of the protective order.  Deputy Rumbaugh, the courtroom bailiff, testified that he did not observe Fernandez sign the first signature on the order.  However, Deputy Rumbaugh testified that he did observe Fernandez sign and date the second signature on the order and that he physically handed a copy of the protective order to Fernandez afterwards.  Subsequently, the grand jury returned two indictments against Fernandez for violating the protective order by going near Castilleja’s residence.

III. 
Standard of Review

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.   In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

IV. Factually Sufficient Evidence of Notice

Fernandez argues that the evidence is factually insufficient to prove that he knowingly violated the protective order because there was insufficient proof that he was served with notice of the protective order.  In order to satisfy the notice requirement with respect to a protective order, the State must show that the defendant:

[B]e given the resources to learn the provisions; that is, that he be given a copy of the order, or notice that an order has been applied for and that a hearing will be held to decide whether it will be issued. The order is nonetheless binding on the respondent who chooses not to read the order, or who chooses not to read the notice and the application and not to attend the hearing.

Harvey v. State
, 78 S.W.3d 368, 373 (Tex. Crim. App. 2002).  In this case, the State presented evidence that Fernandez was present in court when the protective order was originally sought and that he received a copy of the protective order.  Deputy  Rumbaugh testified as follows:

[Prosecutor:] Okay. Since it bears your signature, can you tell me whether or not you delivered a copy of it to Manuel Fernandez?

[Deputy Rumbaugh:] Yes. Since it has my signature on it I did physically hand the person that is Manuel Fernandez--after he signed the original, I had him sign the original, and then I gave him a certified copy and then I signed the original. 

Deputy Rumbaugh further testified that when he called for Manuel Fernandez to approach the bar and sign the protective order, Fernandez or someone representing himself to be Fernandez came forward and signed the protective order.  Additionally, Fernandez’s signature appears twice on the protective order and his initials appear numerous times.  Castilleja identified the signature on the agreed protective order as being Fernandez’s.

Evidence supporting Fernandez’s sufficiency challenge includes Deputy Rumbaugh’s testimony that Fernandez’s first signature on the protective order was not executed in Deputy Rumbaugh’s presence
(footnote: 2) and that Fernandez’s two signatures did not look like the same person’s signature. 

Viewing all of the evidence in a neutral light, including the evidence relevant and supportive of Fernandez’s argument on appeal, we conclude the proof that Fernandez was served with notice of the protective order is not so weak as to undermine confidence in the jury’s verdict.  Nor is the evidence that Fernandez was served with notice outweighed by contrary proof.  
See McGregor v. State
, No. 05-02-00993-CR, 2003 WL 22456331, at *2 (Tex. App.–Dallas Oct. 30, 2003, pet. ref’d) (not designated for publication) (holding that protective order admitted into evidence stating appellant personally appeared before the magistrate who issued the order, and evidence that appellant signed the order acknowledging receipt of a copy of the order, was legally and factually sufficient to show that appellant had knowledge of protective order).  Thus, the jury was entitled to believe that Fernandez received notice of the protective order.  We hold that Fernandez’s convictions for felony violation of a protective order are supported by factually sufficient evidence.  We overrule Fernandez’s sole point. 

V. Conclusion

Having overruled Fernandez’s sole point, we affirm the trial court’s judgments. 

PER CURIAM

PANEL F: WALKER, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 17, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Deputy Rumbaugh testified, however, that sometimes the agreed orders are signed by the parties outside his presence, then signed by the judge, and then signed in his presence to acknowledge receipt of a copy.