COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-04-034-CR
                                                          2-04-035-CR
  
   
MANUEL 
FERNANDEZ                                                            APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Appellant 
Manuel Fernandez appeals two convictions for violating a protective order. A 
jury found Fernandez guilty and assessed his punishment at ten years’ 
confinement and a fine of $9,000, in one case and at ten years’ confinement 
and a $10,000 fine in the other case. In a single point, Fernandez challenges 
the factual sufficiency of the evidence to support his convictions; 
specifically, he claims the State failed to prove he received notice of the 
protective order. We will affirm.
II. Background 
Facts
        On 
February 8, 2001, Fernandez and his ex-wife, Leticia Castilleja, appeared in 
district court and entered into an agreed protective order which prohibited 
Fernandez from going within two-hundred yards of Castilleja’s residence, her 
place of employment, the place where she volunteered, and the residences of 
related persons. Fernandez initialed the agreed protective order in numerous 
places and signed the order in two places. Fernandez’s first signature follows 
a statement on the order that indicates he agrees to and approves the form and 
content of the protective order. Fernandez’s second signature appears directly 
after a statement indicating that he received a copy of the protective order. 
Deputy Rumbaugh, the courtroom bailiff, testified that he did not observe 
Fernandez sign the first signature on the order. However, Deputy Rumbaugh 
testified that he did observe Fernandez sign and date the second signature on 
the order and that he physically handed a copy of the protective order to 
Fernandez afterwards. Subsequently, the grand jury returned two indictments 
against Fernandez for violating the protective order by going near 
Castilleja’s residence.
III. Standard 
of Review
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party. See 
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004). The only 
question to be answered in a factual sufficiency review is whether, considering 
the evidence in a neutral light, the fact finder was rationally justified in 
finding guilt beyond a reasonable doubt. Id. at 484. There are two ways 
evidence may be factually insufficient: (1) the evidence supporting the verdict 
or judgment, considered by itself, is too weak to support the finding of guilt 
beyond a reasonable doubt; or (2) when there is evidence both supporting and 
contradicting the verdict or judgment, weighing all of the evidence, the 
contrary evidence is so strong that guilt cannot be proven beyond a reasonable 
doubt. Id. at 484-85. “This standard acknowledges that evidence of 
guilt can ‘preponderate’ in favor of conviction but still be insufficient to 
prove the elements of the crime beyond a reasonable doubt.” Id. at 485. 
In other words, evidence supporting a guilty finding can outweigh the contrary 
proof but still be insufficient to prove the elements of an offense beyond a 
reasonable doubt. Id.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses. Id. at 481; Cain v. State, 958 S.W.2d 
404, 407 (Tex. Crim. App. 1997). We may not substitute our judgment for that of 
the fact finder’s. Zuniga, 144 S.W.3d at 482.
        A 
proper factual sufficiency review requires an examination of all the evidence. Id. 
at 484, 486-87. An opinion addressing factual sufficiency must include a 
discussion of the most important and relevant evidence that supports the 
appellant’s complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 
(Tex. Crim. App. 2003).
IV. Factually 
Sufficient Evidence of Notice
        Fernandez 
argues that the evidence is factually insufficient to prove that he knowingly 
violated the protective order because there was insufficient proof that he was 
served with notice of the protective order. In order to satisfy the notice 
requirement with respect to a protective order, the State must show that the 
defendant:
    

[B]e given the resources to learn the provisions; that is, that he be given a 
copy of the order, or notice that an order has been applied for and that a 
hearing will be held to decide whether it will be issued.  The order is 
nonetheless binding on the respondent who chooses not to read the order, or who 
chooses not to read the notice and the application and not to attend the 
hearing.
 
Harvey 
v. State, 78 S.W.3d 368, 373 (Tex. Crim. App. 2002). In this case, the State 
presented evidence that Fernandez was present in court when the protective order 
was originally sought and that he received a copy of the protective order. 
Deputy Rumbaugh testified as follows:
   
[Prosecutor:] Okay. Since it bears your signature, can you tell me whether or 
not you delivered a copy of it to Manuel Fernandez?
 
[Deputy 
Rumbaugh:] Yes. Since it has my signature on it I did physically hand the person 
that is Manuel Fernandez--after he signed the original, I had him sign the 
original, and then I gave him a certified copy and then I signed the original.
 
        Deputy 
Rumbaugh further testified that when he called for Manuel Fernandez to approach 
the bar and sign the protective order, Fernandez or someone representing himself 
to be Fernandez came forward and signed the protective order. Additionally, 
Fernandez’s signature appears twice on the protective order and his initials 
appear numerous times. Castilleja identified the signature on the agreed 
protective order as being Fernandez’s.
        Evidence 
supporting Fernandez’s sufficiency challenge includes Deputy Rumbaugh’s 
testimony that Fernandez’s first signature on the protective order was not 
executed in Deputy Rumbaugh’s presence[2] and that 
Fernandez’s two signatures did not look like the same person’s signature.
        Viewing 
all of the evidence in a neutral light, including the evidence relevant and 
supportive of Fernandez’s argument on appeal, we conclude the proof that 
Fernandez was served with notice of the protective order is not so weak as to 
undermine confidence in the jury’s verdict. Nor is the evidence that Fernandez 
was served with notice outweighed by contrary proof. See McGregor v. State, 
No. 05-02-00993-CR, 2003 WL 22456331, at *2 (Tex. App.–Dallas Oct. 30, 2003, 
pet. ref’d) (not designated for publication) (holding that protective order 
admitted into evidence stating appellant personally appeared before the 
magistrate who issued the order, and evidence that appellant signed the order 
acknowledging receipt of a copy of the order, was legally and factually 
sufficient to show that appellant had knowledge of protective order). Thus, the 
jury was entitled to believe that Fernandez received notice of the protective 
order. We hold that Fernandez’s convictions for felony violation of a 
protective order are supported by factually sufficient evidence. We overrule 
Fernandez’s sole point.
V. Conclusion
        Having 
overruled Fernandez’s sole point, we affirm the trial court’s judgments.
   
   
                                                          PER 
CURIAM
   
    
PANEL 
F:   WALKER, DAUPHINOT, and HOLMAN, JJ.
  
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 17, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Deputy Rumbaugh testified, however, that sometimes the agreed orders are signed 
by the parties outside his presence, then signed by the judge, and then signed 
in his presence to acknowledge receipt of a copy.