ACCEPTED
03-16-00258-CR
13891846
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/21/2016 8:03:00 AM
JEFFREY D. KYLE
CLERK

## NO. 03-16-00258-CR

IN THE

COURT OF APPEALS
THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/21/2016 8:03:00 AM
JEFFREY D. KYLE
Clerk

| | | |
|---|---|---|
| DOUGLAS SCOTT HOOPES | § | APPELLANT |
| VS. | § | |
| THE STATE OF TEXAS | § | APPELLEE |

APPEAL FROM THE 427TH JUDICIAL DISTRICT COURT
TRAVIS COUNTY, TEXAS
CAUSE NO. D1-DC-15-907033

### STATE'S BRIEF

ROSEMARY LEHMBERG
District Attorney
Travis County, Texas

NANCY L. NICOLAS
Assistant District Attorney
State Bar No. 24057883
P.O. Box 1748
Austin, Texas 78767
(512) -854-9400
Fax No (512)-854-4811

**THE STATE DOES NOT REQUEST ORAL ARGUMENT**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES..................................................................................2

STATEMENT OF THE CASE............................................................................3

STATEMENT REGARDING ORAL ARGUMENT ..........................................4

STATEMENT OF FACTS ..................................................................................5

SUMMARY OF THE ARGUMENTS..................................................................5

STATE'S REPLY TO THE FIRST POINT OF ERROR ....................................6

      THE TRIAL COURT DID NOT ERR BY DENYING APPELLANT'S MOTION FOR A MISTAKE OF FACT INSTRUCTION IN THE JURY CHARGE ...................................................................................................... 6

STATE'S REPLY TO THE SECOND POINT OF ERROR ........................... 15

      THE TRIAL COURT DID NOT ERR BY REFUSING TO INCLUDE A MISTAKE OF LAW INSTRUCTION IN THE JURY CHARGE. IF ANY ERROR WAS MADE, SUCH ERROR WAS HARMLESS. ............................. 15

CERTIFICATE OF COMPLIANCE ............................................................... 22

CERTIFICATE OF SERVICE ........................................................................ 22

1

# INDEX OF AUTHORITIES

**Cases**

*Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985)…………...6, 10, 15, 18
*Arline v. State*, 721 S.W.2d 348 (Tex. Crim. App. 1986)………………...10, 14, 18
*Celis v. State*, 416 S.W.3d 419 (Tex. Crim. App. 2013)…………………………...7
*Granger v. State*, 3 S.W.3d 36 (Tex. Crim. App. 1999)………………………..7, 12
*Harvey v. State*, 78 S.W.3d 368 (Tex. Crim. App. 2002)………………………..8, 9
*Hoopes v. State*, 483 S.W.3d 93 (Tex. App. -- Amarillo 2014, pet ref'd)………...16
*Jenkins v. State*, 468 S.W.3d 656 (Tex. App. -- Houston 2015, pet granted) …….17
*Miller v. State,* 815 S.W.2d 582 (Tex. Crim. App. 1991)…………………………7
*Phillips v. State*, 463 S.W.3d 59 (Tex. Crim. App. 2015)………………………...10

**Statutes**

Tex. Code Crim. Proc. Art. 36.19…………………………………............6, 15
Tex. Penal Code Section 6.03…………………………………………………8
Tex. Penal Code Section 8.02(a)………………………………………………7, 12
Tex. Penal Code Section 8.03……………………………………..…...16, 17, 19
Tex. Penal Code Section 25.07(a)…………………………………………7, 8

**Rules**
Tex. Rules App. Proc. 38.2(1)(b)…………..…………………………………...5

IN THE

COURT OF APPEALS
THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

| DOUGLAS SCOTT HOOPES | § | APPELLANT |
|---|---|---|
| VS. | § | |
| THE STATE OF TEXAS | § | APPELLEE |

APPEAL FROM THE 427TH JUDICIAL DISTRICT COURT
TRAVIS COUNTY, TEXAS
CAUSE NO. D1-DC-15-907033

**TO THE HONORABLE COURT OF APPEALS:**

Now comes the State of Texas and files its brief in response to that of the appellant.

STATEMENT OF THE CASE

The appellant was charged by indictment with two counts of Violation of a Protective Order, both third degree felonies as enhanced by two prior convictions. CR 5. The State elected to proceed on Count II of the indictment, alleging that appellant:

"…intentionally and knowingly violate the term of an order issued pursuant to Chapter 85 Texas Family Code, Protective Order No. D1-FM-09-004779, to expire August 30th, 2015, by going to or near 300 West 15th Street, Austin, Texas, the place of employment of Ellen Hoopes, a protected individual described in said order, which conduct was prohibited by the terms of said order".

5 RR 4-5; 7 RR 13.

On April 11, 2016, a jury was sworn and a trial on the merits commenced. On April 13, 2016, the jury found the appellant guilty of the alleged offense. 8 RR 58. After a hearing on punishment evidence, at which appellant and his ex-wife testified, the jury deliberated and assessed a sentence of 1,265 days. 9 RR 12-26, 37-47. Appellant filed a notice of appeal. CR 134.

## STATEMENT REGARDING ORAL ARGUMENT

Because the issues, facts, legal authorities, and arguments pertinent to the instant appeal are adequately addressed in the briefs submitted by the parties, the State respectfully asserts that the Court's decisional process would not be significantly aided by oral arguments. Accordingly, the State does not request oral argument.

## STATEMENT OF FACTS

The State is satisfied with the Statement of Facts included in Appellant's Brief, pursuant to Rule 38.2(1)(b) of the Rules of Appellate Procedure.

## SUMMARY OF THE ARGUMENTS

**Point 1**: In his first point of error, appellant claims that the trial court erred when it improperly denied an instruction on mistake of fact in the jury charge. That claim should be overruled because the denial of the mistake of fact charge was not error, and if any error did occur, such error was harmless.

**Point 2**: In his second point of error, appellant claims the trial court erred when it improperly denied an instruction on mistake of law in the jury charge. That claim should be overruled because the denial of the mistake of fact charge was not error, and if any error did occur, such error was harmless.

<u>STATE'S REPLY TO THE FIRST POINT OF ERROR</u>

THE TRIAL COURT DID NOT ERR BY DENYING
APPELLANT'S MOTION FOR A MISTAKE OF FACT
INSTRUCTION IN THE JURY CHARGE

<u>Argument and Authorities</u>

Appellant asserts that the trial court erred by denying the request for a mistake of fact jury charge, and that the denial resulted in "some harm" to appellant. App. Brief at 10.

**1. <u>Standard governing review of trial court's jury charge rulings</u>**

Article 36.19 of the Texas Code of Criminal Procedure governs the review of jury charges by an appellate court. If it appears error in the charge has occurred, "the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." Tex. Code. Crim. Pro. art. 36.19. Where an appellant made a timely objection to a trial court's ruling to omit a jury charge, the error will call for reversal as long as the error is not harmless. <u>Almanza v. State</u>, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Here, appellant timely objected to the denial of his request for a mistake of fact instruction. 8 RR 23. This court should first determine whether there was error, and second, if such error was harmless. <u>Almanza v. State</u>, 686 S.W.2d 171 (Tex. Crim. App. 1985).

1. **Applying the first prong of the *Almanza* analysis, the Court should find there was no error in excluding the mistake of fact jury charge**

Mistake of fact is a defense to a criminal offense if "the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." Tex. Penal Code Sec. 8.02(a). If the threshold for Penal Code 8.02 is met and it becomes applicable, a jury instruction including that defense is proper. Tex. Code Crim. Pro. Art. 36.14. Whether a mistake is based on a reasonable belief is for the jury to decide. Granger v. State, 3 S.W.3d 36, 39 (Tex. Crim. App. 1999). However, the defendant is only entitled to the instruction if the "purported belief, if accepted as true, negated the culpability required" for the offense on trial. Id. at 41, citing Miller v. State, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991). The Texas Court of Criminal Appeals reaffirmed this requirement when it held that "an instruction on mistake of fact is limited to any culpable mental state required for the offense." Celis v. State, 416 S.W.3d 419, 431 (Tex. Crim. App. 2013).

The Texas Penal Code sets forth the following culpability requirement for the offense at issue here:

A person commits an offense if, in violation of…an order issued under…Chapter 85, Family Code…the person knowingly or intentionally…(3) goes to or near any of the following places as specifically

7

described in the order…: (A) the residence of place of employment or business of a protected individual or a member of the family or household. Tex. Penal Code Sec. 25.07(a).

"Intentionally" and "Knowingly" are both defined in the Penal Code. Tex. Penal Code Sec. 6.03. The Texas Court of Criminal Appeals held unanimously that the "intentionally or knowingly" mental state required by Penal Code section 25.07 applies to the conduct of the actor, and does not require the state to offer evidence that the actor knew of the provisions of the protective order beyond demonstrating that "he be given a copy of the order, or notice that an order has been applied for and that a hearing will be held to decide whether it will be issued." Harvey v. State, 78 S.W.3d 368, 373 (Tex. Crim. App. 2002). The Court found that there was no authority to compel the State to prove that the appellant in that case "knew its provisions," and that the procedural requirements were sufficient to establish the knowledge of the protective order required by Penal Code Section 25.07. Id. "The order is nonetheless binding on the respondent who chooses not to read the order, or who chooses not to read the notice and the application and not to attend the hearing." Id.

The trial court in this instance applied the Harvey case and extended its rationale to conclude that just as the State is not required to prove actual understanding of the provisions of the protective order, so long as the procedural

8

requirements are proven to establish the protective order was valid and enforceable, then neither must the State prove actual understanding of the continuing enforceability of the order. 8 RR 17-23. This court should not hold that the State is further required to prove the defendant's knowledge of the validity of the order beyond proving "that the respondent be given the resources to learn the provisions; that is, that he be given a copy of the order, or notice that an order has been applied for and that a hearing will be held to decide whether it will be issued." Harvey v. State, 78 S.W.3d 373 (Tex. Crim. App. 2002).

Here, the State proved that appellant was duly notified of the protective order hearing, evidenced by the court's memorialization of his presence at the hearing. State's Exhibit 1. Appellant could have chosen to read it or not read it, and it would nonetheless be binding. Harvey v. State, 78 S.W.3d 373 (Tex. Crim. App. 2002). The requisite mental state had been proven at that point in the evidence, and to suggest that the State must then continue to establish some ongoing understanding as to the effectiveness of the order is contrary to the unanimous Harvey decision. Even if Appellant formed a mistake of fact after the protective order became an enforceable order, it would not negate the enforceability of the order itself, and 25.07 simply does not require the State to prove whether or not the appellant believed the order to be effective. Because the evidence does not support any theory that would negate the culpability required to

9

be proven by the State, the trial court did not err when it denied the request for the mistake of fact jury charge.

## 2. **Even if it was error to exclude the mistake of fact jury charge, such error was harmless**

If the court finds that the denial of the mistake of fact jury charge was error, it must proceed to a harm analysis. Phillips v. State, 463 S.W.3d 59, 64-65 (Tex. Crim. App. 2015). The appellate court must "examine the relevant portions of the entire record to determine whether appellant suffered any actual harm as a result of the error." Arline v. State, 721 S.W.2d 348, 352. (Tex. Crim. App. 1986). The "actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." Almanza v. State, 686 S.W.2d 171 (Tex. Crim. App. 1985).

The State provided testimony from Erin Martinson, a supervisor in the Travis County Attorney's Office who provided a framework for the jury to understand the process by which protective orders are issued pursuant to the Family Code. 7 RR 32-56. The face of the protective order at issue in this case, which was admitted as State's Exhibit 1, states that appellant, who was identified in the order as "Respondent," appeared pro se and announced ready at the hearing

held in the 126th District Court of Travis County, Texas, on September 15, 2011, and that he was served with a copy of the order in open court. 7 RR 23. Appellant also testified as to his knowledge of the existence of the protective order. 7 RR 199.

Further, Ms. Martinson drew the jury's attention to the provision in State's Exhibit 1 that stated the protective order was in effect until September 15, 2013, although that expiration date would extend by operation of law if appellant was incarcerated on that date, "in which case the order will remain in effect for one year after the date of the Respondent's release from incarceration." 7 RR 51. Appellant was in fact incarcerated on September 15, 2013, triggering the extension of the order, but an Order Extending the Protective Order was filed to memorialize the updated expiration date of August 30, 2015. 7 RR 54-55.

Appellant was released from incarceration on January 15, 2015. 7 RR 24, 170. On that date, Officer John Seitz admonished appellant before his release that the protective order was still in effect, and that appellant was prohibited from going within 200 yards of the persons or locations listed in the order, which included the Office of the Attorney General, which was the workplace of the applicant. 7 RR 24-25. According to Officer Seitz, appellant stated twice that he understood. 7 RR 25. When appellant was asked to recall that conversation, he testified:

11

State: Did you have a conversation with somebody from TDC?

Appellant: There was a person there that said never, never go home and I did not recognize his authority.

State: Okay. And you don't recognize the authority of the protective order that was issued under – that's entered into evidence at State's Exhibit 1?

Appellant: No, I do not recognize the authority. The only authority I recognize is the Seventh District Court of Appeal mandate saying to reverse and acquit in all things or at least find the statute.

7 RR 206-207.

Appellant admitted to being present at his wife's workplace as alleged in the indictment. 7 RR 171, 191, 199. The strength of this probative evidence should be considered when determining whether the jury would have found any instruction to consider the mistake of fact defense compelling.

While deliberating in light of this largely undisputed evidence of appellant's guilt, the jury would have been tasked with determining the reasonability of appellant's mistaken belief if the jury instruction had been included. Tex. Penal Code Sec. 8.02; Granger v. State, 3 S.W.3d 39 (Tex. Crim. App. 1999). The mistake of fact the appellant claims to have made is that he believed there was no protective order in effect based on the reversal of the conviction for his first violation of that order. App. Brief at 4-5. However, when questioned about the plain language of the protective order's expiration and extension provisions,

12

appellant testified that they "made sense." 7 RR 175-176. Appellant further testified on cross-examination that the appellate court decision that overturned his prior conviction and resulted in his acquittal was limited to finding that the State failed to allege a statute in its indictment, and that the decision did not find the protective order to be invalid. 7 RR 196-198. There is nothing in the portion of the decision that was put into evidence for the jury that logically extends to the invalidity of the protective order itself. 7 RR 196-197. Appellant's testimony demonstrates that he was defiant and in denial of its authority over him. 7 RR 190. Therefore, the jury would likely have concluded that even if they believed appellant's claim to have made a mistake, that it was unreasonable.

Finally, although the trial court denied the instruction, the defense was essentially still argued by counsel and apparently rejected by the jury. In closing, defense counsel argued throughout his presentation that appellant made a mistake, and that the mistake negated the mental state of "intentionally or knowingly." 8 RR 40, 48. Trial counsel for appellant posited the following rhetorical questions to the jury: "Do you think he intentionally or knowingly violated the protective order? Do you think he still thought that protective order was in place?" 8 RR 42. The argument was made without interruption or objection by the state. 8 RR 39-49. The State rebutted this argument by arguing that the jury should not find the appellant's claim of a mistake credible. 8 RR 54-55. Had the jury instruction been

13

included, the arguments probably would not have been very different. This circumstance can be considered by the reviewing court to assess whether appellant was harmed by the denial of the mistake of fact instruction. See <u>Arline v. State</u>, 721 S.W.2d 348 (Tex. Crim. App. 1986).

### 3. **<u>Conclusion</u>**

This court should find that exclusion of the mistake of fact jury charge was not error. If any error did occur, the error was harmless. This point of error should be overruled.

STATE'S REPLY TO THE SECOND POINT OF ERROR

THE TRIAL COURT DID NOT ERR BY REFUSING TO INCLUDE A MISTAKE OF LAW INSTRUCTION IN THE JURY CHARGE.  IF ANY ERROR WAS MADE, SUCH ERROR WAS HARMLESS.

Argument and Authorities

Appellant asserts that the denial of the mistake of law jury charge was error, and that such error resulted in harm.  App. Brief at 16-17.

**1. Standard governing review of trial court's jury charge rulings**

Like appellant's first point of error, Article 36.19 of the Texas Code of Criminal Procedure governs the review of jury charges by an appellate court.  If it appears error in the charge has occurred, "the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial."    Tex. Code Crim. Pro. Art. 36.19.  Where an appellant made a timely objection to a trial court's ruling to omit a jury charge, the error will call for reversal as long as the error is not harmless.  Almanza v. State, 686 S.W.2d 171 (Tex. Crim. App. 1985).  Here, appellant timely objected to the denial of his request for a mistake of law instruction.  8 RR 23.  This Court should first determine whether there was error, and second, if such error was harmless. Almanza v. State, 686 S.W.2d 171 (Tex. Crim. App. 1985).

15

## 2. **The legal opinion the appellant claims to have relied upon did not interpret the validity of the protective order**

The Penal Code states, in relevant part:

"It is an affirmative defense to prosecution that the actor reasonably believed the conduct charged did not constitute a crime and that he acted in reasonable reliance upon…(2) a written interpretation of the law contained in an opinion of a court of record or made by a public official charged by law with responsibility for interpreting the law in question."

Tex. Penal Code 8.03.

The only evidence admitted in this case that could qualify under that statute was the decision rendered by the Seventh District Court of Appeals in which the court reversed appellant's conviction for Violation of a Protective Order because of a defect in the pleadings[1]. 7 RR 196-197. The relevant portion of the case that was read to the jury, during the cross-examination of the appellant, is set forth in appellant's brief and will not be repeated here. App. Brief pp. 14-15.

Appellant testified that the decision used the phrase "in all things," and that this was unclear to him and the root of his misunderstanding. 7 RR 192, 196, 201-202. However, this phrase is not contained in the court's decision. 7 RR 196-197. Because this is appellant's own language, or came from some source not identified

---

[1] The entirety of the decision *Hoopes v. State*, 483 S.W.3d 93 (Tex. App. – Amarillo 2014, pet. ref'd) was not admitted into evidence.

16

as a written interpretation of the law as described in Penal Code Section 8.03, any reliance on the language "in all things," which appellant emphasized several times, would not qualify as a mistake of law by a plain reading of the statute. Tex. Penal Code Sec. 8.03. The statute calls for conduct in reliance upon a specific legal opinion, not general confusion, to warrant the mistake of law defense.

As appellant conceded at trial, the validity of the protective order itself was not within the purview of the decision appellant claims to have relied upon. 7 RR 197-198. Appellant acknowledged that the holding of the decision was that the indictment used to prosecute him previously was flawed. 7 RR 198. From the text of the decision, it is apparent that the court issued no opinion or interpretation of whether the protective order itself was invalid in any way, nor was it asked to render an opinion on that issue.7 RR 196-198. There is simply no evidence in the record that the appellate court's decision interpreted or impacted the validity of the protective order.

Appellant cites to Jenkins v. State, but that case is distinguishable from the circumstances in this matter. 468 S.W.3d 656 (Tex. App. – Houston 2015, pet granted). In Jenkins, the appellant relied on official statements of the law that interpreted and explained what constituted a "residence," and the very issue at trial was whether the defendant had reasonably relied on those opinion when he undertook conduct in order to establish a residence for voting purposes. Id. at 668.

17

Here, appellant cannot claim that he reasonably relied on the actual interpretation before him, because if he did, his mistake would have to relate to the only law being interpreted in that decision.

### 3. <u>**Even if it was error to exclude the mistake of law jury charge, such error was harmless**</u>

The Court conducts the harm analysis with respect to the mistake of law jury charge by the same principles as discussed previously in response to appellant's first point of error. The appellate court must "examine the relevant portions of the entire record to determine whether appellant suffered any actual harm as a result of the error." <u>Arline v. State</u>, 721 S.W.2d 348, 352. (Tex. Crim. App. 1986). The "actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." <u>Almanza v. State</u>, 686 S.W.2d 171 (Tex. Crim. App. 1985).

For the jury to find appellant had met the requirements of this affirmative defense, they would have had to believe that appellant acted in "reasonable reliance" upon the appellate court's decision, and that he reasonably believed his

conduct charged did not constitute a crime. Tex. Penal Code Sec. 8.03. However, the bulk of the evidence is contrary to these conclusions.

As previously discussed in the response to appellant's first point of error, appellant was instructed by Officer Seitz before he went to the Attorney General's Office that the protective order was in effect despite his acquittal. 7 RR 24. Also prior to his first arrival at the Attorney General's office on January 16, 2015, appellant called his ex-wife and said he was coming, but she told him not to come he would be arrested. 7 RR 108. Even if he thought the appellate court's decision invalidated the protective order, he was reckless to proceed given that an agent of the criminal justice system and the protected party both admonished him that it was still enforceable. It is not reasonable for a person to disregard stern admonitions and persist in conduct that they have stated constitutes a crime, and then claim they did not know their conduct was unlawful.

Further, the evidence showed that appellant had a history of violating protective orders. 7 RR 167-168. Upon cross-examination, the State offered evidence that appellant had also committed a false report by planting the false bomb, resulting in the evacuation of the courthouse, as an attempt to "draw attention to [his] plight." 7 RR 168-169. Appellant clearly conveyed through his own testimony that he believed the protective order he was accused of violating was unjust, that he didn't recognize its authority, and that he had to "fight it." 7

19

RR 190. This motivation to thwart the authority of the protective order and the issuing court, when considered with his demonstrated lack of compliance with protective orders, undermines the argument he would have the jury believe. Rather than forming a belief that his behavior was not criminal as a result of reliance upon the legal opinion, the evidence demonstrates that appellant simply refused to submit to the authority of the order. Although the question of reasonability is left to the jury, there is scant evidence to suggest that the jury would have found appellant's reliance upon the court decision reasonable given his own admissions and conduct.

4. **Conclusion**

This court should find that exclusion of the mistake of law jury charge was not error. If any error did occur, the error was harmless. This point of error should be overruled.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the State prays this Court to find this appeal to be frivolous and affirm the trial court's judgment.

Respectfully submitted,

ROSEMARY LEHMBERG
District Attorney
Travis County, Texas

*/s/ Nancy L. Nicolas*
NANCY L. NICOLAS
Assistant District Attorney
State Bar No. 24057883
P.O. Box 1748
Austin, Texas 78767
(512) -854-9400
Fax No (512)-854-4811

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i), I hereby certify, based on the computer program used to generate this brief, that this brief contains 3,607 words, excluding words contained in those parts of the brief that Rule 9.4(i) exempts from inclusion in the word count.

/s/ Nancy L. Nicolas
Nancy L. Nicolas


## CERTIFICATE OF SERVICE

I hereby certify that, on the 21st day of November, 2016, a true and correct copy of this brief was served, by U.S. mail, electronic mail, facsimile, or electronically through the electronic filing manager, to the Appellant's attorney, Ken Mahaffey, Attorney at Law, P.O. Box 684585, Austin, Texas 78768, Ken_Mahaffey@yahoo.com.

/s/ Nancy L. Nicolas
Nancy L. Nicolas