# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00739-CR

**Jose Angel Rivera, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
## NO. CR2016-550, HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Jose Angel Rivera guilty of continuous violation of a protective order, a third-degree felony. *See* Tex. Penal Code § 25.072(a), (e). Rivera's offense was punishable as a second-degree felony because it was enhanced with a prior felony conviction for burglary of a habitation. *See id.* § 12.42(a). The trial court assessed Rivera's punishment at 15 years' imprisonment and a $2,500 fine. In his sole appellate issue, Rivera contends that the trial court abused its discretion in sustaining the State's objection to testimony concerning Rivera's education and mental health. We will affirm the trial court's judgment of conviction.

## BACKGROUND

The State alleged in the indictment that Rivera repeatedly violated a protective order by communicating with his former girlfriend. At trial, Rivera called his mother, who began

to testify regarding Rivera's education. The State objected, and the following exchange occurred at the bench:

> [Prosecutor]: I have a feeling he's about to get into some testimony that's 403, prejudicial and irrelevant.
>
> . . . .
>
> [Prosecutor]: He's asking about his educational background.
>
> . . . .
>
> [Court]: Where are you going with this?
>
> [Defense Attorney]: I'm just going to explain that he is a Special Ed student. He suffers from—
>
> [Prosecutor]: If anything, it's punishment evidence. It's not relevant to any of the elements necessary for the crime of violation of a protective order.
>
> . . . .
>
> [Court]: It may be relevant to punishment, but it's not—
>
> [Defense Attorney]: I think it's relevant to intentionally and knowingly.
>
> . . . .
>
> [Defense Attorney]: I—that he had—comprehension issues—
>
> [Prosecutor]: And he's presented evidence to the jury that his intent—understanding of the protective order is relevant, which it is not, Your Honor. We have case law—like you even said, it doesn't matter if he read it or not.
>
> [Court]: [I]t may be relevant to punishment, but I don't think it's relevant to guilt or innocence. I'll sustain the objection.

Later, the trial court gave Rivera's attorney an opportunity to make an offer of proof. Outside the presence of the jury, Rivera's mother testified to the following:

- When Rivera was in approximately the fifth grade, his mother found out "he was ADD."

- Rivera had "learning disabilities" and "speech therapy."

- When Rivera was in high school, "he was diagnosed as bipolar."

- Rivera was diagnosed with major depression.

- Rivera "always had trouble understanding, comprehending what's written on paper."

- Rivera's mother helped him complete job applications because he did not understand the written questions.

- Rivera's mother agreed that his diagnoses did not affect his IQ and testified that she did not know what his IQ was.

- Rivera obtained his GED while in jail.

Rivera was convicted and sentenced, and this appeal followed.

## STANDARD OF REVIEW

On appeal, Rivera complains of the trial court's decision to exclude his mother's testimony. "We review the trial court's decision to admit or exclude evidence, as well as its decision as to whether the probative value of evidence was substantially outweighed by the danger of unfair prejudice, under an abuse of discretion standard." *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018); *see Robisheaux v. State*, 483 S.W.3d 205, 217 (Tex. App.—Austin 2016, pet. ref'd). "A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement." *Gonzalez*, 544 S.W.3d at 370. "We may not substitute our own decision for that of the trial court." *Id.* "If the trial court's evidentiary ruling is correct under any applicable theory of law, it will not be disturbed even if the trial court gave a wrong or insufficient reason for the ruling." *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

3

**DISCUSSION**

Rivera argues that the trial court abused its discretion in sustaining the State's objection to his mother's testimony because "Rivera was denied an opportunity to present evidence that could cause reasonable doubt as to an element of offense, namely the mens rea."

A person commits the offense of violating a protective order if "the person knowingly or intentionally" communicates with a protected individual. *See* Tex. Penal Code § 25.07(a). Texas courts have held that a person need not understand the contents of a court's order to be guilty of this offense—it is enough that the person be put on notice of the order and be given the means to learn its provisions.[1] As the Texas Court of Criminal Appeals has explained,

> The requirements are only that the respondent be given the resources to learn the provisions; that is, that he be given a copy of the order, or notice that an order has been applied for and that a hearing will be held to decide whether it will be issued. The order is nonetheless binding on the respondent who chooses not to read the order, or who chooses not to read the notice and the application and not to attend the hearing.

*Harvey v. State*, 78 S.W.3d 368, 373 (Tex. Crim. App. 2002). Indeed, the State is not even required to prove that the defendant was aware that a protective order had yet been issued. *Williams v. State*, No. 2-09-201-CR, 2010 WL 2721448, at *3 (Tex. App.—Fort Worth July 8, 2010, pet. ref'd) (mem. op., not designated for publication) ("Under *Harvey*, however, the State only had to present sufficient

---

[1] *See, e.g.*, *Mavero v. State*, No. 05-14-01097-CR, 2016 WL 4051898, at *3 (Tex. App.—Dallas July 26, 2016, no pet.) (mem. op., not designated for publication); *Wiegand v. State*, No. 05-11-00824-CR, 2013 WL 222270, at *3 (Tex. App.—Dallas Jan. 18, 2013, pet. ref'd) (mem. op., not designated for publication); *Ramirez v. State*, No. 08-07-00207-CR, 2008 WL 3522369, at *3 (Tex. App.—El Paso Aug. 14, 2008, no pet.) (not designated for publication); *McGiffin v. State*, No. 13-03-094-CR, 2004 WL 1584930, at *2 (Tex. App.—Corpus Christi July 15, 2004, no pet.) (mem. op., not designated for publication).

evidence that [the defendant] had notice that [the victim] applied for an order and that the court would hold a hearing on that application.").

At trial, Rivera did not contend that he never received notice of the order or that he did not understand that the court had issued an order—rather, he argued that he did not understand the contents of the order and what it prohibited.[2] Moreover, the testimony of his mother proffered by Rivera did not address whether he knowingly or intentionally violated the order by communicating with the protected individual, which is the mens rea required by the statute. Under *Harvey*, whether Rivera read or understood the order is irrelevant. *See Harvey*, 78 S.W.3d at 373.

---

[2] For example, during closing argument, Rivera's attorney argued as follows:

> And it was never fully explained to Mr. [Rivera]. He didn't have an attorney at the time to explain to him what was contained in the restraining order that he's subject to.
> At the end of the day, you cannot say that Mr. [Rivera] was aware of the consequences of violating, nor was he aware of the penalties and what his responsibilities were. He was never made aware of the contents of that restraining order.
> . . . .
> But we never had anybody like that testify. No. He was—he was given a piece of paper.
> This vital step of making sure that this young man knew what the consequences were were never explained to him.

To the extent Rivera is now arguing something different—that he did not knowingly or intentionally perform the prohibited actions—we note that the proffered testimony did not address that issue. Furthermore, to the extent Rivera is attempting to raise learning disabilities and mental health conditions for purposes other than negating mens rea, we note that "Texas does not recognize diminished capacity as an affirmative defense." *Jackson v. State*, 160 S.W.3d 568, 573 (Tex. Crim. App. 2005).

Because the testimony of Rivera's mother was not relevant to the case, the trial court did not abuse its discretion in excluding it under Rule 402. *See* Tex. R. Evid. 402. Furthermore, because the testimony had no probative value but could have misled the jury concerning the requisite mens rea for the offense, the trial court would not have abused its discretion in excluding it under Rule 403. *See id.* R. 403. We must affirm the trial court's evidentiary ruling if it "is correct under any applicable theory of law." *See Johnson*, 490 S.W.3d at 908. Accordingly, we overrule Rivera's sole appellate issue.

## CONCLUSION

We affirm the trial court's judgment of conviction.

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Goodwin and Kelly

Affirmed

Filed: February 12, 2019

Do Not Publish

6